UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: CV 16-05224-SVW (AGRx) | Date: February 3, 2017 |
| Title: *Travis Middleton, et al. v. Richard Pan, et al.* | |

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|
| Ingrid Valdes | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order DENYING Plaintiffs' Motion to Recuse Judge Steven V. Wilson [126]

Pending before this Court is Plaintiffs' motion to disqualify Judge Steven V. Wilson from presiding over Plaintiffs' RICO action. (Dkt. No. 126.) Plaintiffs' motion is based on the allegation Judge Wilson "has applied the wrong legal standard for dismissal" in other similar cases brought by Plaintiffs and may do so in this case, too. (Dkt. No. 126 at 2.) For the following reasons, the Court **DENIES** the motion.

### DISCUSSION

A party that seeks to disqualify a judge "bears a 'substantial burden' to show that the judge is not impartial." *United States v. Bell*, 79 F. Supp. 2d 1169, 1171 (E.D. Cal. 1999). When considering whether the moving party has met that burden, courts "employ an objective test: 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citation omitted). "The 'reasonable person' in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *Id.* (internal

quotes and citations omitted). "The standard . . . [is] one of reasonableness and should not be interpreted to include a spurious or loosely based charge of partiality." *Mavis v. Commercial Carriers, Inc.*, 408 F. Supp. 55, 61 (C.D. Cal. 1975); *accord United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) ("The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.") (internal quotes omitted); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987) ("A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation.").

In all cases, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Rather, "[t]o warrant recusal, judicial bias must stem from an extrajudicial source." *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

Plaintiffs anticipate their case will be dismissed on the basis of absolute immunity, which they argue is not a proper basis for dismissal. (Dkt. 126 at 3.) Plaintiffs also claim Judge Wilson has similarly dismissed other RICO and civil rights cases involving at least one of the plaintiffs here—Middleton—a fact which, according to Plaintiffs, "show[s] a bias and prejudice towards Middleton, a Pro Se litigant and the defendants who are city or county officials." (*Id.* at 2.)

But neither of these grounds "stems from an extrajudicial source," *Taylor*, 993 F.2d at 712, as is required for recusal. Both bases concern judicial rulings—one of which is prospective—and "[o]bjections to an adverse decision must be raised through an appeal, not a motion to recuse." *Sager v. Adamson*, No. C08-5463-FDB, 2008 WL 3540271, *1 n.1 (W.D. Wash. August 12, 2008); *accord United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (stating that litigant cannot "use the recusal process to remove a judge based on adverse rulings"). Indeed, because there are no grounds for recusal or disqualification, Judge Wilson has an affirmative duty *not* to recuse himself. *Holland*, 519 F.3d at 915 ("[I]n the absence of a legitimate reason to recuse himself, 'a judge should participate in cases assigned.'"). Thus, this basis also does not support the Court's granting the motion.[1]

///

## CONCLUSION

---

[1] Plaintiffs' motion is also procedurally improper. 28 U.S.C. § 144 provides that a moving party shall file a "timely and sufficient affidavit . . . not less than ten days before the beginning of the term at which the proceedings is to be heard, or good cause shall be shown for failure to file it within such time." The Motion to Dismiss underlying the instant motion was heard on December 13, 2016. Plaintiffs' Motion to Recuse was not filed until January 12, 2017. Plaintiffs have not shown good cause for this untimeliness, and they have also failed to file their request by affidavit.

   Plaintiffs have not articulated a reasonable basis to disqualify Judge Wilson from presiding over the pending action. For the foregoing reasons, the Court **DENIES** Plaintiff's motion. (Dkt. No. 126.)

  **IT IS SO ORDERED.**