1 Travis Middleton
2 27 West Anapamu St. #153
  Santa Barbara, California [93101]
3 Telephone: 805-284-6562
4 Email: travis_m_93101@yahoo.com

5
  REFUSAL FOR FRAUD – PAGES 1 OF 92
6 CENTRAL DISTRICT OF CALIFORNIA,
7 WESTERN DIVISION

8

9
                  **UNITED STATES DISTRICT COURT**
10                **CENTRAL DISTRICT OF CALIFORNIA**
11                     **WESTERN DIVISION**

12
13 Travis Middleton, et al.,          )   **PLAINTIFFS' REFUSAL FOR**
            Plaintiff(s), Applicants  )   **FRAUD PURSUANT TO**
14      vs.                           )   **Fed. R. Civ. P. 12(b), 12(f), 12(i),**
                                      )   **UCC 1-103.6**
15 Richard Pan, et al.               )   This Refusal is filed under the American Free Flag of
16          Defendant(s)             )   peace of the united states of America. No jurisdiction
                                      )   under any American flags of war will be accepted in this
17                                    )   Case Incorporation
                                      )
18                                    )   Incorporated Case No. 2:16-cv-05224-
19                                    )   SVW-AGR
                                      )
20                                    )   *(Trinsey v. Pagliaro, D. C. Pa. 1964,*
21                                    )   *229 F. Supp. 647.)*
                                      )
22                                    )
23                                    )   Date: September 14, 2017
                                      )   Court Room 10A, Tenth Floor
24                                    )   First Street Court House
                                      )
25                                    )
26 _____)   Hon. Stephen V. Wilson
                                          Oral Argument vacated
27
28 TO DEFENDANTS' COUNSEL AND ALL PARTIES AT INTERST:


                                    – 1

THIS Refusal for Fraud of Opposing Counsels'[Legislative Defendants & State of California, et. al.]  Oppositions (Motions to Dismiss) to Parties Injured Complaint for violations of the "RICO" and Civil Rights laws, 18 U.S.C. Sections 1962, 1961, 1964, 42 U.S.C. 1983, 1986 and 18 U.S.C. Sections 241 & 242,  Pursuant To F.R.C.P. 9(b), 121(f), 12(i), 12(c), 56(c), & UCC 1-103.6. Plaintiffs will address all the opposing counsels' arguments in one response because they all make the same frivolous and illegitimate claims.

THIS IS A COMMERCIAL AFFIDAVIT AND MUST BE RESPONDED TO ON A POINT BY POINT BASIS.

-------------------------------------------------------------------------------

I, Travis Middleton, and "Plaintiffs", hereinafter Parties Injured, being duly sworn according to law, having first-hand knowledge of the facts herein, and being competent to testify, do affirm that the facts herein are stated by the Parties Injured, and are true, correct and complete, stated under the penalties of perjury pursuant to the laws of the United States of America.

1). I know all men by these presents, Travis Middleton, and "Plaintiffs", Parties Injured, brings this Refusal for Fraud, for the people of the united States of America, under the American Flag of peace, without an attorney, ex rel. and states:

2). Ex rel.: for the people of the united states; "…But it is the manner of enforcement which gives Title 42 U.S.C. 1983 its unique importance, for the enforcement is placed in the hands of the people." Each citizen, "acts as a private attorney general who takes on the mantle of the sovereign, guarding for all of us the individual liberties enunciated in the constitution." Section 1983 represents a balancing feature in our government structure whereby individual citizens are encouraged to police those who are charged with policing us all. Thus, it is of special importance that suits brought under this statute be resolved by a determination of truth." Wood v. Breir, 54 F.R.D. 7, (1972).

3). Definition: "Case Incorporated", the formation of a legal body, with the quality of perpetual existence and succession. (2). Consisting of an association of numerous individuals. (3). Matters relating to the common purpose of the association, within the scope of the powers and authorities conferred upon such

bodies with the quality of perpetual existence and successions. Ref. Black's Law Dictionary 67th, Pg. 690. "Case Incorporation" will establish the legal bounds of the members of this lawful assembly to solve a specific "Case Number" and the issues in motion.

4). This Incorporated Case is defined to be a Refusal for Fraud, Pursuant to F.R.C.P. 9(b), 121(f), 12(i), giving rise to F.R.C.P. 19 and 12(b)(7) failure to join parties, 12(b)(6) Fails to state a claim upon which relief can be granted, and Rule 56 granting summary judgment in favor of Plaintiffs, Travis Middleton, Parties Injured as to the alleged Opposition by opposing attorneys for Defendants and assigned Incorporated Case No. 2:16-cv-05224-SVW-AGR as described above.

5). The Parties Injured herein brings this Incorporated Case, Refusal for Fraud, and dispositive motions are, and or will be considered an act of conspiracy to the crimes and violations defined in this Refusal for Fraud.

Hereinafter:      F.R.C.P. = Federal Rules of Civil Procedure.

U.S.C.A. = United States Code Annotated.

U.S.C.S. = United States Code Service.

F.R.D. = Federal Rules Decision.

U.C.C. = Uniform Commercial Code

6). F.R.C.P. Rule 4. Process, (a) Summons, (b) Form, (c) Service, (d) Summons and Complaint, (g) Return Proof, (h) Amendments, (j) Time.

7). F.R.C.P. Rule 5 Service, (a) Required (d) Filing certificate.

8). F.R.C.P. Rule 6 Time, (a) Computation (d) Motions and Affidavits.

9). F.R.C.P. Rule 7 Pleadings, (a) Pleadings (b) Motions.

10). F.R.C.P. Rule 8 Rules of Pleadings, (a) Claim for Relief (b) Defense form of Denials (c) Affirmative Defense (d) Failure to deny (e) Pleading concise.

11). F.R.C.P. Rule 9 Pleading special (b) Fraud (e) Judgments (f) Time and place (g) Special damage.

12). F.R.C.P. Rule 10 Form of Pleadings (a) Captions (b) Paragraphs.

13). F.R.C.P. Rule 11 Signing of Pleadings, Sanctions.

14). F.R.C.P. Rule 12 (a) Time of presented (b) How presented (c) Motion, Judgment on Pleadings (f) Motion to Strike (h) Waiver (Subject Matter).

15). F.R.C.P. Rule 15 Amended and Supplemental Pleadings a.b.c.d.

F.R.C.P. Rule 16, (f) Sanctions (No contract, no fees).

F.R.C.P. Rule 18, and 19 Joinder.

F.R.C.P. Rule 24, Title 28, U.S.C. 2403 – Challenging Constitutionality.

F.R.C.P. Rule 38, Trial by Jury.

F.R.C.P. Rule 41, Dismissal of Action Voluntarily.

F.R.C.P. Rule 49, Issues sent to Jury by Demand.

F.R.C.P. Rule 50, New Trial.

F.R.C.P. Rule 54, Demand for Judgment.

F.R.C.P. Rule 55, Default.

F.R.C.P. Rule 56, Summary Judgment.

(16). **Notice:** "Joining", was never completed between the Parties Injured herein, and the "Defendants". The lack of "Joining" as described herein above within this complaint give rise to F.R.C.P. 19 and 12(b)(7) failure to join parties, F.R.C.P. 12(b)(6), fails to state a claim upon which relief can be granted and Rule 56 granting summary judgment in favor of Plaintiffs, Parties Injured, and Travis Middleton. The real-party Defendants have yet to appear personally or on the record in this Case Incorporation by affidavit or deposition.

(17). **Notice:** "Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment,"; "Where there are no depositions admissions, or affidavits submitted by actual real-party Defendants, the court has no facts to rely on for a summary determination". See Trinsey v. Pagliaro, D. C. Pa. 1964, 229 F. Supp. 647.

(18). **Notice:** This applies both with Federal Rules of Evidence and State Rules of Evidence.... there must be a competent first hand witness (a body). There has to be a real person making the complaint and bringing evidence before the court. Corporations are paper and can't testify. The opposing counsels' Oppositions fall short of this evidence rule.

(19). **Notice:** "Manifestly, [such statements] cannot be properly considered by us in

the disposition of [a] case." United States v. Lovasco (06/09/77) 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752,

20). "Under no possible view, however, of the findings we are considering can they be held to constitute a compliance with the statute, since they merely embody conflicting statements of counsel concerning the facts as they suppose them to be and their appreciation of the law which they deem applicable, there being, therefore, no attempt whatever to state the ultimate facts by a consideration of which we would be able to conclude whether or not the judgment was warranted." Gonzales v. Buist. (04/01/12) 224 U.S. 126, 56 L. Ed. 693, 32 S. Ct. 463.

(21). **Notice:** The judge and attorney(s) has taken an Oath and Affirmation to support and defend the Constitution of the United States of America and the Constitution of the STATE OF CALIFORNIA.

22). All officers should take the oath required by the constitution, whether the law under which they hold office prescribe this duty or not. The injunctions of the Constitution in this respect are as obligatory as those of a statute could be.

23). The Plaintiffs, Parties Injured herein accuses: the Attorneys in this action, pursuant to Title 42 U.S.C.A. Section 1986, Title 18 USC Section 1961(1) - 1503 (relating to obstruction of justice), section 1951 (relating to interference with commerce, robbery or extortion), section 1952 (relating to racketeering), having superior knowledge of the law, having taken an Oath and Affirmation to support and defend the Constitution of the United States and of the STATE OF CALIFORNIA, have submitted Motions to Dismiss into this Incorporated Case No. 2:16-cv-05224-SVW-AGR as described above, in violation of the Constitution of the United States of America, Bill of Rights, Articles I & XIV, due process and equal protection of the law, and Article V, due process of law.

(24). **Notice:** The Plaintiffs, Parties Injured herein accuses: the Attorneys in this action, pursuant to Title 42 U.S.C.A. Section 1986, Title 18 USC Section 1961(1) - 1503 (relating to obstruction of justice), section 1951 (relating to interference with

commerce, robbery or extortion), section 1952 (relating to racketeering), Title 18 U.S.C. Sec. 513(a), the filing of Counterfeit Securities.

(25). **Notice:** This Court is hereby Noticed pursuant to Federal Rule of Civil Procedure 17 and Federal Rules of Evidence 201 & UCC 1-103.6 that Respondent Attorneys' Oppositions are deemed Counterfeit Securities, and constitute violations of Title 18 U.S.C. Section 4 of the commission of crimes cognizable by a court of the United States, or any subdivision thereof under Title 18 U.S.C. Section 513(a) "Whoever makes, utters or possesses a counterfeit security of a State of a political subdivision thereof or of an organization, or whoever makes, utters, or possesses a forged security of a State or political subdivision thereof or of an organization, with intent to deceive another person, organization, or government shall be fined not more than $250,000 or imprisoned not more than ten years or both".

See also Sections 2311, 2314 and 2320 for additional fines and sanctions. Among the securities defined at 18 U.S.C. Section 2311 is included "evidence of indebtedness" which, in a broad sense, may mean anything that is due and owing which could be a duty, obligation or right of action. The attorneys Oppositions are attached under **Exhibit A**, Refused and Returned as Counterfeit Securities.

26). The above referenced documents qualify as "counterfeit Securities" in that the makers have stated them to have been officially signed and sealed as valid claims of a duty, obligation, evidence of indebtedness, or right of action owed by them against Plaintiffs, Parties Injured.

27). Additionally, the above referenced documents are counterfeit securities used by fraud to adversely affect interstate and foreign commerce within the meaning of Title 18 U.S.C. section 1951 & 1952 and 1962(a)(b)(c)(d).

28). The Plaintiffs, Parties Injured herein accuses: the Attorneys, of committed crimes, Falsification, and Perjury as to their oath and Affirmation, Title 18 U.S.C.A. 1621, in a court proceeding, in Case No. 2:16-cv-05224-SVW-AGR, causing violations of the Constitution of the United States of America.

29). The Plaintiffs, Parties Injured herein accuses: the Attorneys of violations of 18 U.S.C.A. Sec. 72, Extortion of Rights, 18 U.S.C.A., 18 U.S.C.A. Sec. 241, Criminal Conspiracy, 18 U.S.C.A. Sec. 1621, Perjury as to their Oaths and Affirmation.

30). The Attorneys caused the Plaintiffs, Parties Injured herein damages actionable for monetary relief, pursuant to 42 U.S.C.A. Sec. 1986.

FACTS AND FINDINGS OF LAW

31). /////

32). /////

33). United States Constitution Article VI Section 2 provides: This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding.

The Senators and Representatives before mentioned, and the members of the several state legislatures, and all executive and judicial officers, both of the United States and of the several states, shall be bound by oath or affirmation, to support this Constitution; but no religious test shall ever be required as a qualification to any office or public trust under the United States.

34). 1st Amendment: Freedom of speech and press, and to petition for a redress of grievances.

35). 5th Amendment: No citizen shall be deprived of life, liberty, or property without due process of law.

36). 6th Amendment: Right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, and informed of the nature and cause of the accusation.

37). 7th Amendment: In suits of common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved, and no fact tried except by jury.

38). 9th Amendment: The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

39). 14th Amendment: No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the U.S., nor shall any state deprive any citizen of life, liberty, or property without due process of the law; nor to any citizen the equal protection of the law. **SB277 is violative of this Constitutional Statute**.

40). F.R.C.P. Rule 4. Process, (a) Summons, (b) Form, (c) Service, (d) Summons and Complaint, (g) Return Proof, (h) Amendments, (j) Time.

41). F.R.C.P. Rule 5 Service, (a) Required (d) Filing certificate.

42). F.R.C.P. Rule 6 Time, (a) Computation (d) Motions and Affidavits.

43). F.R.C.P. Rule 7 Pleadings, (a) Pleadings (b) Motions.

44). F.R.C.P. Rule 8 Rules of Pleadings, (a) Claim for Relief (b) Defense form of Denials (c) Affirmative Defense (d) Failure to deny (e) Pleading concise.

45). F.R.C.P. Rule 9 Pleading special (b) Fraud (e) Judgments (f) Time and place (g) Special damage.

46). F.R.C.P. Rule 10 Form of Pleadings (a) Captions (b) Paragraphs.

47). F.R.C.P. Rule 11 Signing of Pleadings, Sanctions.

48). F.R.C.P. Rule 12 (a) Time of presented (b) How presented (c) Motion, Judgment on Pleadings (f) Motion to Strike (h) Waiver (Subject Matter).

49). F.R.C.P. Rule 15 Amended and Supplemental Pleadings a.b.c.d.

F.R.C.P. Rule 16, (f) Sanctions (No contract, no fees).

F.R.C.P. Rule 18, and 19 Joinder.

F.R.C.P. Rule 24, Title 28, U.S.C. 2403 – Challenging Constitutionality.

F.R.C.P. Rule 38, Trial by Jury.

F.R.C.P. Rule 41, Dismissal of Action Voluntarily.

F.R.C.P. Rule 49, Issues sent to Jury by Demand.

F.R.C.P. Rule 50, New Trial.

F.R.C.P. Rule 54, Demand for Judgment.

F.R.C.P. Rule 55, Default.

F.R.C.P. Rule 56, Summary Judgment.

(50). **Notice:** Title 18 U.S.C. 241. If two or more citizens conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more citizens go in disguise on the highway, or on the premises of another with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured-

They shall be fined not more than $10,000 or imprisoned not more than ten years, or both;

(51). **Notice:** Title 18 U.S.C. 242. Any Citizen, who under color of law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year or both;

(52). **Notice:** Title 28 U.S.C. 242 provides in pertinent part; Any Citizen who, under color of law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any state, territory, or district to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States....shall be fined not more than $1,000 or imprisoned not more than one year or both.

53). "Joining", was never completed between the Plaintiffs, Parties Injured herein, and the named Defendants. The lack of Defendants' appearance or submitted affidavits on the record of this Incorporated Case No. 2:16-cv-05224-SVW-AGR as described herein above within this complaint give rise to F.R.C.P. 19 and 12(b)(7) failure to join parties, F.R.C.P. 12(b)(6), fails to state a claim upon which relief can be granted and Rule 56 granting summary judgment in favor of Plaintiffs, Parties Injured.

(54). **Notice: The law states: Title 18 U.S.C.A. 1621, note 554 2d a:** State pays all fees when judge and attorneys in concert violate oath of office and "perjury of oath"; Citizens can not be made to pay fees to have their Constitutional rights violated. F.R.C.P. Rule 9.

(55). **Notice:** The Plaintiffs, Parties Injured herein accuses: the Attorneys in this action, pursuant to Title 42 U.S.C.A. Section 1986, Title 18 USC Section 1961(1) - 1503 (relating to obstruction of justice), section 1951 (relating to interference with commerce, robbery or extortion), section 1952 (relating to racketeering). Opposing attorneys and the Magistrate Judge have absolutely refused to address the lawful legal claims made by Plaintiffs. Plaintiffs have paid filing fees and costs to have their issues adjudicated by a certified trained judicial officer. This has yet to occur. Plaintiffs' alleged in their First Amended and Second Amended complaint that all the defendants violated their Oaths of Office to the United States Constitution. See paragraph 92, "On information and belief, in furtherance of their racketeering scheme Defendant legislators routinely violate their Oaths of office which mandates that they support and defend the California and United States constitutions, including the Bill of Rights, from all enemies foreign and domestic, especially with respect to any law making activities affecting the liberties of the citizens of the state of California whom they purport to represent. The Defendant legislators willfully, wantonly and recklessly violated their oaths to the California and U.S. constitutions by passing SB277."

(56) Notice: The U.S. Supreme Court has stated that "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it. "Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958)". *Exparte Young* provides this ruling: "The attempt of a State officer to enforce an unconstitutional statute is a proceeding without authority of, and does not affect, the State in its sovereign or governmental capacity, and is an illegal act, and *the officer is stripped of his official character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to its officer immunity from responsibility to the supreme authority of the United States*. It is not necessary that the duty of a State officer to enforce a statute be declared in that statute itself in order to permit his being joined as a party defendant from enforcing it; if, by virtue of his office, he has some connection with the enforcement of the act, it is immaterial whether it arises by common general law or by statute. Page 209 U. S. 125." Additionally, since *Ex parte Young,* 209 U. S. 123 (1908), it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law. None of the defendants can claim immunity from breach of their oaths of office the United States Constitution and the Bill Of Rights. Among the government units that have been held to be "enterprises" are offices of **governors** and **state legislators**, courts and court clerks' offices. See e.g., *United States v. Stratton*, 649 F.2d 1066, 1072-75 (5th Cir. 1981).

(57) Notice: There are no facts in dispute in the case in chief. Under these standards, the recommendations of dismissal of the legislative Defendants and plaintiffs'claims are erroneous a matter of law. See Plaintiffs' Criminal Affidavits, Docket Nos. 19, 75-79, 81-91, which includes attached Material Data Safety Sheets by OSHA on the toxicity Formaldehyde, Mercury, Aluminum and Polysorbate 80; documents from CDC whistle blower William Thompson where he admits to fraud and falsifying data on the MMR vaccine studies. The State and its officials have no constitutional authority to mandate poisons to the public.

(58). With reasonable expectations the Plaintiffs, Injured Parties herein believes that the findings of fact presented and filed herein, of the United States Constitutional laws and civil rights issues, including violations of the United States Constitution 14th Amendment, show the Attorneys, did "perjure their oaths".

(59). **Notice to Judge:** With research, no cases, and no rules were discovered, or previously prosecuted or written for the phrase, "Perjury of Oath of Office". The "Oath of Office", is given first and before entering office. The Oath is incorporated after the "Oath and Affirmation" is taken and signed. The term of an attorney's "oath" to support the Constitution never expires until they "Terminate Practice". All judges are attorneys under "oath". Judges add affirmation to that oath but both positions swear to support the united States Constitution at all times and when rights are violated then "Perjury of Oath" and "Perjury" are relevant and become violations by the facts of definition. F.R.C.P. Rule 9(b), 12(d), the 14th Amendment, Title 42 U.S.C. 1983 note 337; Rucker v. Martin, Note 349.

(60). The Plaintiffs, Parties Injured herein accuses the Attorneys of: "Perjury of Oath of Office", Perjury; Inforjudgemental law, the willful assertion of as to a matter of fact, opinion, belief, or knowledge, made by a witness in a judicial proceeding as part of his or her evidence, either upon oath or in any form allowed by law to be substituted for an oath, whether such evidence is given in open court, or in an affidavit, or otherwise, such assertion being material to the issue or point of inquiry and known to such witness to be false. Perjury is a crime committed when a lawful oath is administered, in some judicial proceeding, to a citizen who swears willfully, absolutely, and falsely, in matters material to the issue or point in question. Reference. Gatewood v State, 15 MD. App. 314, 290 A.2d 551, 553; F.R.C.P. Rule 9(b), 12(d)1,2,7; Title 42 U.S.C. 1986, 1985, 1983 note 349, 14th Amendment U.S. Constitution.

(61). The Plaintiffs, Parties Injured herein is accusing the Attorneys of: "Perjury of Oath of Office", "Malice", in law is not necessarily personal hate or ill will, but is

the state of mind which is reckless of law and of the legal rights of the citizens. Reference. Chrisman v. Terminal R. Association of St. Louis, 237 Mo.App. 157 S.W. 2d 230, 235. F.R.C.P. 9(b) and Rule 12(d).

(62). The Plaintiffs, Parties Injured herein is accusing the Attorneys with perjury to proceed by fraud; perjury of due process, 14th and 5th Amendment. Further references Title 18 U.S.C.A. 1621; a citizen is guilty of perjury if in any official proceeding he or she makes a false statement or swears or affirms the truth of a statement previously made, when the statement is material and he or she does not believe it to be true. Reference. Model Penal Code section 241.1, F.R.C.P. 9(b) and Rule 12(d).

(63). The Plaintiffs, Parties Injured herein accuses Attorneys of: "Perjury of Oath"; "Constitutional Tort", Title 42 U.S.C.A. 1983: Every citizen who under color of any statute, ordinance, regulation, custom or usage, of any state or territory, subjects, or causes to be subjected, any citizen of the United States or any other citizen within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the United States Constitution and laws shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress. F.R.C.P. 9(b), Rule 12(d), Title 42 U.S.C.A. 1986 of the wrongs committed, Title 42 U.S.C.A. 1985 the conspiracy with high standards, to "fraud" the Parties Injured herein, and 42 U.S.C.A. 1983 for the injury of Constitutional Rights 4th, 5th, 7th, 9th and 14th Amendment Equal Protection of the law.

(64). **Notice: Title 42 U.S.C.A. 1986 "Action for neglect to prevent",** Every citizen who having knowledge that any of the wrongs conspired to be done, and mentioned in section Title 42 U.S.C. 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or citizens legal representative, for all damages caused by such wrongful act, which such citizen by reasonable diligence could have prevented;

and such damages may be recovered in an action on the case; and any number of citizens guilty of such wrongful neglect or refusal may be joined as a party in action.

(65). The Plaintiffs, Parties Injured herein accuses Attorneys of "Perjury of Oath of Office", a Tort. A privilege or civil wrong or injury for which the court will provide a remedy imposed by general law or otherwise upon all citizens occupying the relation to each other which is involved in a given transaction. Reference. Coleman v. California yearly meeting of Friends Church, 27 Cal. App. 2d. 579, 81 P. 2d 469, 470, Title 42 U.S.C.A. 1983 note 319, 333, 337, 349, 350, 351, and 352.

(66). The Plaintiffs, Parties Injured herein accuses Attorneys of "Perjury of Oath" and Falsification, by fraud and deception, fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom the citizen stands in a "fiduciary" or confidential relationship. Reference. F.R.C.P. 9(b) and 12(d), Title 42 U.S.C.A. 1986, 1985. The Plaintiffs, Parties Injured herein is witness with first-hand knowledge accusing the Magistrate Judge and Attorneys as witness of fraud and for their neglect to stop the wrongs, for equal protection of the law and due process. However, the fraud continues as no citizen has been prosecuted to date. The legal system is protecting its own, operating under "Policy and Custom", Title 42 U.S.C.A. 1983 Note 319, 337, to violate rights in denying 14th and 5th Amendments due process.

(67). "Fiduciary" – A citizen having duty, created by undertaking, to act primarily for another's benefit in matters connected with such undertaking. Ref. Black's Law dictionary. 563 (High standards of Government).

(68). The Plaintiffs, Parties Injured herein accuses Attorneys of; "Extortion", perjury of oath, (commerce) Title 42 U.S.C.A 1985 (2) Ref. Obstructing Justice: intimidating party, witness, (2) if two or more citizens in any state or territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States form "attending such court or from testifying to any matter

pending" therein, freely, fully, and truthfully, or to injure such party or witness in his body or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any kind of grand or petit jury or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror, or if two of more citizens conspire for the purpose of impeding, hindering, obstructing, or defeating, in any matter, the due course of justice in any state or territory, with intent to deny to any citizen the equal protection of the law, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any citizen, or class of citizens, to the equal protection of the law.

(69). Extortion: The obtaining of property from another induced by wrongful use of actual or threatened force, or fear, or under color of official right. Ref. Title 18 U.S.C.A. Sec. 871 et seq., 1951.

(70). **Notice: Title 42 U.S.C.A. 1985 (3) Depriving citizen of rights or privileges;** if two or more citizens in any state or territory conspire to go in disguise, for the purpose of depriving, either directly or indirectly, any citizen or class of citizens of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any state or territory from giving or securing to all citizens within such state or territory the equal protection of the laws; or if two or more citizens conspire to prevent by force , intimidation, or threat, any citizen who is lawfully who is lawfully entitled to vote, form giving his support or advocacy; in any case of conspiracy set forth in this section, if one or more citizens engage therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his body or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. F.R.C.P. R. 9(b) Fraud, Rule 12(b).

(71). The Plaintiffs, Parties Injured herein is accusing Attorneys of Perjury of Oath of Office. "Falsification";

No citizen shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies:

- The statement is made in any official proceeding.
- The statement is made with the purpose to mislead a public official in performing a judicial function.
- The statement is in writing on, or in connection with a report or return which is required or authorized by law.

(72). **Notice: Title 42 U.S.C.A. 1985 Pg. 36-37, Note 69:** Damages in claim for violation of U.S. constitutionally guaranteed rights damages are recovered, normal damages may be presumed, and nominal damages may in appropriate circumstances support award of exemplary damages, Tracy V. Robbins, D.C.S.C. 1966, 40 Fed. 108 Appeal Dismissed 373 F. 3D 13.

(73). **Notice: Title 42 U.S.C.A. 1983 P77 No. 39:** In order to establish personal liability part of government official in federal civil rights law action, under Title 42 U.S.C. 1983, it is enough to show that official acting under color of law caused deprivation of Constitutional Right in contrast. Government entity is liable in official capacity suit under Title 42 U.S.C. only when entity is moving force behind deprivation. Thus requiring entity policy or custom to have played a part in violation of Federal law. Ref. Kentucky V. Graham 1985 475, US 159 85 L.Ed. 2d. 114, 105 S. Ct. 3099.

(74). Bar. The whole body of attorneys and counselors, or the members of the legal profession, collectively, who are figuratively called the "bar", from the place which they usually occupy in court.

WHEREFORE:

(75). The Plaintiffs, Parties Injured herein Refuses for Fraud The opposing attorneys Oppositions and all Motions To Dismiss assigned to Case Incorporated

No. 2:16-cv-05224-SVW-AGR as described above, giving rise to violations of F.R.C.P. 19, and 12(b)(7) joinder, F.R.C.P. 12(b)(6) fails to state a claim.

(76). The Plaintiffs, Parties Injured herein requests this court refund all payment of fees and award Parties Injured herein damages totaling $200,900,000.00 per F.R.C.P. 12 (c) judgment on the pleadings and or Rule 56(c) Summary Judgment, injunctive and declaratory relief from SB277 within 10 days nun pro tunc as of September 14, 2017.

Respectfully Submitted,

Travis Middleton

27 West Anapamu St. #153
Santa Barbara, California [93101]
Dated this September 14, 2017

Respectfully submitted,

Travis Middleton
Plaintiff, Pro Se

By:

By: Eric Durak
Eric Durak
Plaintiff, Pro Se

By: Jade Baxter
Jade Baxter
Plaintiff, Pro Se

By: Julianna Pearce
Julianna Pearce
Plaintiff, Pro Se

By: Candyce Estave
Candyce Estave
Plaintiff, Pro Se

By: Denise Michele Derusha
Denise Michele Derusha
Plaintiff, Pro Se

By: Melissa Christou
Melissa Christou
Plaintiff, Pro Se

By: Andrea Lewis
Andrea Lewis
Plaintiff, Pro Se

By:
Rachil Vincent
Plaintiff, Pro Se

By: Jessica Haas
Jessica Haas
Plaintiff, Pro Se

By: Paige Murphy
Paige Murphy
Plaintiff, Pro Se

By: Lori Strantz
Lori Strantz
Plaintiff, Pro Se

By: Anwanur Gielow
Anwanur Gielow
Plaintiff, Pro Se

By: Lisa Ostendorf
Lisa Ostendorf
Plaintiff, Pro Se

By: Alice Trooper
Alice Trooper
Plaintiff, Pro Se

By: Bret Nielsen
Bret Nielsen
Plaintiff, Pro Se

By: Brent Haas
Brent Haas
Plaintiff, Pro se

By: Muriel Rosensweet
Muriel Rosensweet
Plaintiff, Pro Se

By: Marina Read
Marina Read
Plaintiff, Pro Se

By: Don Demanleuesde
plaintiff Pro Se

18

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**          GOVERNMENT CODE § 8202

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

_____ 1
_____ 2
_____ 3
_____ 4
_____ 5
_____ 6

_____    _____
*Signature of Document Signer No. 1*      *Signature of Document Signer No. 2 (if any)*

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Santa Barbara

Subscribed and sworn to (or affirmed) before me
on this 13th day of Sept, 20 17,
          Date          Month          Year
by
(1) Travis Middleton

(and (2)_____ ),
                 *Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature _____
                 *Signature of Notary Public*

ANDY RODRIGUEZ
COMM. #2063237
NOTARY PUBLIC-CALIFORNIA
SANTA BARBARA COUNTY
My Comm. Expires April 27, 2018

*Seal*
**Place Notary Seal Above**

─────────────── **OPTIONAL** ───────────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*
**Description of Attached Document** US District Court Central District of CA
Title or Type of Document: Refusal for Fraud          Document Date: 9/13/17
Number of Pages: _____ Signer(s) Other Than Named Above: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5910

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A
# -Counterfeit Security-
# 18 USC 513(a)

Case 2:16-cv-05224-SVW-AGR   Document 138   Filed 08/10/17   Page 1 of 6   Page ID #:2327

KAMALA D. HARRIS
Attorney General of California
JENNIFER M. KIM
ELIZABETH S. ANGRES
Supervising Deputy Attorneys General
ELIZABETH G. O'DONNELL (SBN 162453)
JONATHAN E. RICH (SBN 187386)
JACQUELYN Y. YOUNG (SBN 306094)
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone: (213) 897-2000
  Fax: (213) 897-2805
  E-mail: Elizabeth.ODonnell@doj.ca.gov
  E-mail: Jonathan.Rich@doj.ca.gov
  Email: Jacquelyn.Young@doj.ca.gov

*Attorneys for Defendants the State of California, Governor Edmund G. Brown, Jr., Anne Gust, and Deputy Attorneys General Jonathan E. Rich and Jacquelyn Y. Young*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Travis Middleton, et al., | 2:16-cv-05224-SVW-AGR |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION BY DEFENDANTS STATE OF CALIFORNIA, GOVERNOR BROWN, ANNE GUST, AND DEPUTY ATTORNEYS GENERAL JONATHAN E. RICH AND JACQUELYN Y. YOUNG, TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| v. | |
| Richard Pan, et al., | |
| Defendants. | |
| | [Fed. R. Civ. P. 12(b)(6)] |
| | [Filed Concurrently with Memorandum of Points and Authorities] |
| | Date:       September 11, 2017 |
| | Time:       1:30 p.m. |
| | Courtroom:  10A (First Street Courthouse) |
| | Judge:      Hon. Stephen V. Wilson |
| | Trial Date: None Set |
| | Action Filed: July 15, 2016 |

2

1    TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE THAT on Monday, September 11, 2017, at 1:00

3    p.m., in the above-entitled Court, located at Courtroom 10A, First Street

4    Courthouse, 350 W. 1st Street, Courtroom 10th Floor, Los Angeles, California

5    90012, Defendants State of California, Governor Edmund G. Brown, in his official

6    capacity, Anne Gust, and Deputy Attorneys General Jonathan E. Rich and

7    Jacquelyn Y. Young (collectively, Defendants), will and hereby do move this Court

8    for an order dismissing Plaintiffs' Second Amended Complaint (ECF No. 136)

9    pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the following

10   grounds:

11          1. Plaintiffs' Second Amended Complaint should be dismissed in its entirety

12             because it fails to cure or even address any of the deficiencies of their

13             First Amended Complaint, as detailed in the Magistrate's Report and

14             Recommendation dated December 15, 2016 (ECF No. 123), approved and

15             adopted by this Court on July 13, 2017 (ECF No. 135).

16          2. Plaintiffs' claims against the State of California are barred under the

17             Eleventh Amendment.

18          3. Plaintiffs' claims against Governor Brown are barred under the Eleventh

19             Amendment, the doctrine of legislative immunity, and the doctrine of

20             immunity under *Eastern Railroad Presidents Conference v. Noerr Motor*

21             *Freight, Inc.*, 365 U.S. 127, 135 (1961) and *United Mine Workers v.*

22             *Pennington*, 381 U.S. 657, 670 (1965) (*Noerr-Pennington*).

23          4. Plaintiffs' claims against Deputy Attorneys General Jonathan E. Rich and

24             Jacquelyn Y. Young are barred on the grounds that they are government

25             attorneys who are immune from suit for conduct in the performance of

26             their official duties.

27          5. Plaintiffs fail to assert a plausible claim against any of the moving

28             Defendants for a violation of Plaintiffs' constitutional rights because the

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 23 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 138   Filed 08/10/17   Page 3 of 6   Page ID #:2329
#:2915

1    Legislature's enactment of California Senate Bill 277 (SB 277) is

2    constitutional under federal and state law, which for decades has

3    consistently held that (a) a state's exercise of its police powers in

4    protecting the public from communicable diseases is rationally based; and

5    (b) states have a compelling interest in requiring children to be vaccinated

6    before entering school.

7    6. Plaintiffs fail to state plausible claims for relief against all of the moving

8    Defendants under the federal Racketeer Influenced and Corrupt

9    Organizations (RICO) statutes.

10   7. Plaintiffs' claim for intentional infliction of emotional distress against all

11   of the moving Defendants fails to state a claim upon which relief may be

12   granted.[1]

13   This Motion is made following the conference of Defendants' counsel and

14   Plaintiffs pursuant to Local Rule 7-3, which took place on August 3 and 7, 2017.

15   This Motion is and will be based upon this Notice, the Memorandum of

16   Points and Authorities submitted herewith, upon the Court's file in this action, and

17   all matters which may properly be the subject of judicial notice.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24

25

26   [1] Plaintiffs identify Governor Edmund G. Brown by his position of
"Governor of California," as distinct from other Defendants who are identified as
27   "Legislator Defendants" and are sued in both their individual and official
capacities.  Thus, this motion is brought by Defendant Brown in the capacity in
28   which he has been sued and served.

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 24 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 138   Filed 08/10/17   Page 4 of 6   Page ID #:2330
#:2416

1    Dated:  August 10, 2017                Respectfully submitted,

2                                          XAVIER BECERRA
                                           Attorney General of California
3                                          JENNIFER M. KIM
                                           ELIZABETH S. ANGRES
4                                          Supervising Deputy Attorneys General
                                           ELIZABETH G. O'DONNELL
5                                          JACQUELYN Y. YOUNG
                                           Deputy Attorneys General
6

7                                          /s/ Jonathan E. Rich
8                                          JONATHAN E. RICH
                                           Deputy Attorney General
9                                          Attorneys for Defendants
                                           Governor Edmund G. Brown, Jr.,
10                                         Anne Gust, and the State of California

11   Dated:  August 10, 2017                XAVIER BECERRA
                                           Attorney General of California
12                                         ELIZABETH S. ANGRES
                                           Supervising Deputy Attorney General
13

14

15                                         /s/ Elizabeth G. O'Donnell
                                           ELIZABETH G. O'DONNELL
16                                         Deputy Attorney General
                                           Attorneys for Defendants
17                                         Deputy Attorneys General Jonathan E.
                                           Rich and Jacquelyn Y. Young
18

19

20   *Pursuant to Local Rule 5-4.3.4 (a) (2) (i), the filer of this document attests that all
     other signatories listed on whose behalf the filing is submitted concur in the filing's
21   content and have authorized the filing.

22   /s/ Jonathan E. Rich
     JONATHAN E. RICH
23

24

25   LA2016602117
     12776698
26

27

28

                                           24

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 25 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 138   Filed 08/10/17   Page 5 of 6   Page ID #:2331
#:2917

## CERTIFICATE OF SERVICE

| Case Name: | **Middleton, et al. v. Pan et al.** | No. | **2:16-cv-05224-SVW-AGR** |
|---|---|---|---|

I hereby certify that on <u>August 10, 2017</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION BY DEFENDANTS STATE OF CALIFORNIA, GOVERNOR BROWN, ANNE GUST, AND DEPUTY ATTORNEYS GENERAL JONATHAN E. RICH AND JACQUELYN Y. YOUNG, TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. On August 10, 2017, I caused to be delivered the foregoing document(s) via email to Plaintiff Travis Middleton, by agreement with him, to the following address: Travis_m_93101@yahoo.com.

On August 10, 2017, I caused to be delivered the foregoing document(s) by first class mail to the following non-CM/ECF participants:

**SEE ATTACHED SERVICE LIST.**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>August 10, 2017</u>, at Los Angeles, California.

| Jonathan E. Rich | /s/ Jonathan E. Rich |
|---|---|
| Declarant | Signature |

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 26 of 93   Page ID
#:2418
Case 2:16-cv-05224-SVW-AGR   Document 138   Filed 08/10/17   Page 6 of 6   Page ID #:2332

1

2

SERVICE LIST

| Travis Middleton<br>27 West Anapamu Street, No. 153<br>Santa Barbara, CA  93101 | Paige Murphy<br>2230 Memory Lane<br>West Lake Village, CA  91361 |
|---|---|
| Jade Baxter<br>207 West Victoria Street<br>Santa Barbara, CA  93101 | Bret Nielson<br>2230 Memory Lane<br>West Lake Village, CA  91361 |
| Melissa Christou<br>1522 Knoll Circle Drive<br>Santa Barbara, CA  93101 | Lisa Ostendorf<br>5459 Place Court<br>Santa Barbara, CA  93111 |
| Don Demanlevesde<br>618 West Ortega<br>Santa Barbara, CA  93111 | Julianna Pearce<br>28780 My Way<br>Oneals, CA  93645 |
| Denise Michelle Derusha<br>7125 Santa Ysabel, Apt. 1<br>Atascadero, CA  93422 | Murid Rosensweet<br>2230 Memory Lane<br>West Lake Village, CA  91361 |
| Eric Durak<br>133 Campo Vista Drive<br>Santa Barbara, CA  93111 | Marina Read<br>322 Pebble Beach Drive<br>Goleta, CA  93117 |
| Candyce Estave<br>430 East Rose Avenue<br>Santa Maria, CA  93454 | Lori Strantz<br>120 Barranca No. B<br>Santa Barbara, CA 93109 |
| Anwanur Gielow<br>390 Park Street<br>Buelton, CA  93427 | Alice Trooper<br>1805 Mountain Avenue<br>Santa Barbara, CA  93101 |
| Brent Haas<br>2715 Verde Vista<br>Santa Barbara, CA  93105 | Rachil Vincent<br>4320 Viua Presada<br>Santa Barbara, CA  93110 |
| Jessica Haas<br>2715 Verde Vista<br>Santa Barbara, CA 93105 | JuliaAnne Whitney<br>55 Chrestview Lane<br>Montecito, CA  93108 |
| Andrea Lewis<br>1331 Santa Barbara Street, No. 10<br>Santa Barbara, CA  93101 |  |

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 27 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 138-1   Filed 08/10/17   Page 1 of 28   Page ID
#:2333

1   KAMALA D. HARRIS
    Attorney General of California
2   JENNIFER M. KIM
    ELIZABETH S. ANGRES
3   Supervising Deputy Attorneys General
    ELIZABETH G. O'DONNELL (SBN 162453)
4   JONATHAN E. RICH (SBN 187386)
    JACQUELYN Y. YOUNG (SBN 306094)
5   Deputy Attorneys General
     300 South Spring Street, Suite 1702
6    Los Angeles, CA  90013
     Telephone:  (213) 897-2000
7    Fax:  (213) 897-2805
     E-mail:  Elizabeth.ODonnell@doj.ca.gov
8    E-mail:  Jonathan.Rich@doj.ca.gov
     E-mail: Jacquelyn.Young@doj.ca.gov
9
    *Attorneys for Defendants the State of California,*
10  *Governor Edmund G. Brown, Jr., Anne Gust, and*
    *Deputy Attorneys General Jonathan E. Rich and*
11  *Jacquelyn Y. Young*

12              IN THE UNITED STATES DISTRICT COURT

13            FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

15  | **Travis Middleton, et al.,** | 2:16-cv-05224-SVW-AGR |
16  | | |
    | Plaintiffs, | **MEMORANDUM OF POINTS AND** |
17  | | **AUTHORITIES IN SUPPORT OF** |
    | | **MOTION BY DEFENDANTS** |
18  | **v.** | **STATE OF CALIFORNIA,** |
    | | **GOVERNOR BROWN, ANNE** |
19  | | **GUST, AND DEPUTY** |
    | **Richard Pan, et al.,** | **ATTORNEYS GENERAL** |
20  | | **JONATHAN E. RICH AND** |
    | Defendants. | **JACQUELYN Y. YOUNG, TO** |
21  | | **DISMISS PLAINTIFFS' SECOND** |
    | | **AMENDED COMPLAINT** |
22
    **[Filed Concurrently with Notice of**
23  **Motion and Motion to Dismiss]**

24  Date:          September 11, 2017
    Time:          1:30 p.m.
25  Courtroom:     10A  (First Street
                    Courthouse)
26  Judge:         Hon. Stephen V. Wilson
    Trial Date:    None Set
27  Action Filed: July 15, 2016

28

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 28 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 128-1   Filed 08/10/17   Page 2 of 28   Page ID
#:2334

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

STANDARD OF REVIEW ................................................................................ 3

ARGUMENT ................................................................................................. 5

I.   DEFENDANTS ARE IMMUNE FROM SUIT IN THIS CASE ............................ 6

    A.   Plaintiffs' Claims Against the State and Governor Brown
        Are Barred by the Eleventh Amendment ................................. 6

    B.   Plaintiffs' Claims Against the Governor and His Wife Are
        Barred by Operation of the *Noerr-Pennington* Immunity
        Doctrine ............................................................................... 8

    C.   Claims Against Counsel for the State of California, the
        Governor and the Governor's Wife Are Barred by
        Absolute Official Immunity .................................................. 10

II.  PLAINTIFFS HAVE FAILED TO PLEAD A VIOLATION OF THEIR
    CONSTITUTIONAL RIGHTS BECAUSE LAWS REQUIRING
    MANDATORY IMMUNIZATION HAVE UNEQUIVOCALLY BEEN
    UPHELD AS CONSTITUTIONAL FOR OVER A CENTURY .......................... 11

    A.   SB 277 Does Not Violate Any of the Plaintiffs' Purported
        Constitutional Rights ............................................................ 12

        1.   *Free Exercise of Religion* ............................................. 13

        2.   *The Fourth Amendment* ............................................... 13

        3.   *Due Process* ................................................................ 13

        4.   *Equal Protection* .......................................................... 13

        5.   *The Ninth Amendment* ................................................. 14

        6.   *The Thirteenth Amendment* .......................................... 14

    B.   Plaintiffs' Criminal Claims Fail as a Matter of Law ............... 14

        1.   42 U.S.C. § 1986 ......................................................... 14

        2.   18 U.S.C. §§ 175, 178, 241, 242 .................................. 15

    C.   Plaintiffs Fail to State RICO Claims Against the
        Defendants ........................................................................... 16

CONCLUSION .............................................................................................. 17

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 29 of 93   Page ID
#:2334
Case 2:16-cv-05224-SVW-AGR   Document 139-1   Filed 08/10/17   Page 3 of 28   Page ID
#:2335

# TABLE OF AUTHORITIES

CASES

*Abeel v. Clark*
    84 Cal. 226 (1980) ................................................................ 12

*Alden v. Maine*
    527 U.S. 706 (1999) .............................................................. 7

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ........................................................... 3, 4

*Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*
    729 F.3d 937 (9th Cir. 2013) ............................................... 7

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) .............................................................. 3

*Bd. of Ed. v. Earls,*
    536 U.S. 822 (2002) ............................................................ 13

*Bliemeister v. Bliemeister*
    296 F.3d 858 (9th Cir. 2002) ............................................... 4

*Bly-Magee v. California*
    236 F.3d. 1014 (9th Cir. 2001) ........................................ 2, 11

*Boone v. Redevelopment Agency of City of San Jose*
    841 F.2d 886 (9th Cir. 1988) ............................................... 9

*Butz v. Economou*
    438 U.S. 478 (1978) ............................................................ 10

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,*
    637 F.3d 1047 (9th Cir. 2011) ........................................... 17

*California Motor Transp. Co. v. Trucking Unlimited*
    404 U.S. 508 (1972) .............................................................. 9

*Cato v. United States*
    70 F.3d 1103 (9th Cir. 1995) ........................................... 1, 5

*Central Bank of Denver v. First Interstate Bank of Denver*
    511 U.S. 164 (1994) ............................................................ 15

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 30 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 138-1   Filed 08/10/17   Page 4 of 28   Page ID
#:2336

*Conservation Force v. Salazar*
    646 F.3d 1240 (9th Cir. 2011) ........................................................ 4

*Cory v. White*
    457 U.S. 85 (1982) ........................................................................ 7

*Edwards v. Marin Park, Inc.*
    356 F.3d 1058 (9th Cir. 2004) ...................................................... 17

*Elwood v. Drescher*
    456 F.3d 943 (9th Cir. 2006) .......................................................... 4

*Federation of African American Contractors v. City of Oakland*
    96 F.3d 1204 (9th Cir. 1996) .......................................................... 4

*Flood v. Harrington*
    532 F.2d 1248 (9th Cir. 1976) ...................................................... 10

*Fry v. Melaragno*
    939 F.2d 832 (9th Cir. 1991) ................................................. 10, 11

*Greater Los Angeles Council on Deafness v. Zolin*
    812 F.2d 1103 (9th Cir. 1987) ........................................................ 7

*Hafer v. Melo*
    502 U.S. 21 (1991) ........................................................................ 7

*Hardesty v. Barcus*
    Case No. CV 11-103-M-DWM-JCL, 2012 U.S. Dist. LEXIS 28902
    (D. Montana, January 20, 2012) ...................................................... 4

*Jacobson v. Commonwealth of Massachusetts*
    197 U.S. 11 (1905) ................................................................. 12, 13

*Karim-Panahi v. Los Angeles Police Dept.*
    839 F.2d 621 (9th Cir.1989) .......................................................... 15

*Keenan v. McGrath*
    328 F.2d 610 (1st Cir. 1964) ........................................................ 16

*Kentucky v. Graham*
    437 U.S. 159 (1985) ........................................................................ 7

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 31 of 93   Page ID
#:2438
Case 2:16-cv-05224-SVW-AGR   Document 138-1   Filed 08/10/17   Page 5 of 28   Page ID
#:2337

*Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*
   440 U.S. 391 (1979) ................................................................... 7

*Lapides v. Ed. Of Regents*
   535 U.S. 613 (2002) ................................................................... 6

*Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*
   714 F.2d 946 (9th Cir. 1983) ...................................................... 8

*Manistee Town Ctr. v. City of Glendale*
   227 F.3d 1090 (9th Cir. 2000) ............................................... 9, 10

*Mariana v. Fisher*
   338 F.3d 189 (3d Cir. 2003) ...................................................... 9

*McCalden v. California Library Ass'n*
   955 F.2d 1214 (2009) ............................................................... 15

*Miracle Mile Associates v. Rochester*
   617 F.2d 18 (2d Cir. 1980) ..................................................... 8, 9

*Neubronner v. Milken*
   6 F.3d 666 (9th Cir. 1993) ....................................................... 17

*Noerr-Pennington Boone v. Redevelopment Agency of City of San Jose*
   841 F.2d 886 (9th Cir. 1988) ............................................ 2, 9, 10

*Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*
   981 F.2d 429 (9th Cir. 1992) .................................................... 16

*Papasan v. Allain*
   478 U.S. 265 (1986) ................................................................... 7

*Phillips v. City of New York*
   775 F.3d 538 (2nd Cir. 2015) ................................................... 13

*Prince v. Massachusetts*
   321 U.S. 158 (1944) ............................................................ 12, 13

*Rupert v. Bond*
   68 F.Supp.3d 1142 (N.D. Cal. 2014) ......................................... 8

31

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 32 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 138-1   Filed 08/10/17   Page 6 of 28   Page ID
#:2338

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) .................................................................. 3, 4

*San Diego Cnty. Gun Rights Comm. v. Reno*
  98 F.3d 1121 (9th Cir. 1996) ........................................................ 14

*Sanford v. MemberWorks*
  625 F.3d 550 (9th Cir. 2010) ........................................................ 17

*Savage v. Glendale Union High Sch.*
  343 F.3d 1036 (9th Cir. 2003) ........................................................ 4

*Schowengerdt v. United States*
  944 F.2d 483 (9th Cir. 1991) ........................................................ 14

*Sedima, S.P.R.L. v. Imrex Co.*
  473 U.S. 479 (1985) ................................................................. 16

*Seminole Tribe of Florida v. Florida*
  517 U.S. 44 (1996) ................................................................... 7

*Shell Oil Co. v. Noel*
  608 F.2d 208 (1st Cir. 1979) ......................................................... 8

*Snoeck v. Brussa*
  153 F.3d 984 (9th Cir. 1998) ......................................................... 8

*Sosa v. DIRECTV, Inc.*
  437 F.3d 923 (9th Cir. 2006) ...................................................... 9, 10

*Sprewell v. Golden State Warriors*
  266 F.3d 979, as amended by 275 F.3d 1187 (9th Cir. 2001) ........................ 4, 5

*Swetlik v. Crawford*
  738 F.3d 818 (7th Cir. 2013) (concurring opinion) ................................... 8

*Whitlow, et al. v. Department of Education et al.*
  S.D. Cal. Case No. 3:16-cv-01715-DMS-BGS ..................................... 12, 13, 14

*Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage*
  524 F.3d 1090 (9th Cir. 2008) ........................................................ 4

*Wisconsin v. Yoder*
  406 U.S. 2015 (1972) ................................................................ 13

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 33 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 138-1   Filed 08/10/17   Page 7 of 28   Page ID
#:2339

*Women's Emergency Network v. Bush*
   323 F.3d 937 (11th Cir. 2003) ................................................................... 8

*Zucht v. King*
   260 U.S. 174 (1922) ............................................................................ 12, 13

**STATUTES**

18 U.S.C.
   § 175 ............................................................................................ 5, 15
   § 178 ............................................................................................ 5, 15
   § 241 ............................................................................................ 5, 15
   § 242 ............................................................................................ 5, 15
   § 1503 ............................................................................................. 16
   § 1961. ..................................................................... 2, 5, 9, 16, 17
   § 1962 ...................................................................................... 16, 17
   § 1962(a)(d) ..................................................................................... 5
   § 1983 ......................................................................................... 5, 9
   § 1986 ....................................................................................... 5, 15

42 U.S.C.
   § 1986 ........................................................................................... 14
   § 1985 ........................................................................................... 15

RICO ............................................................................. 2, 9, 16, 17

**CONSTITUTIONAL PROVISIONS**

First Amendment ..................................................................... 10, 13

Fourth Amendment ....................................................................... 13

Ninth Amendment .......................................................................... 14

Eleventh Amendment ............................................................... *passim*

Thirteenth Amendment .................................................................. 14

U.S. Const. ..................................................................................... 7

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 34 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 138-1   Filed 08/10/17   Page 8 of 28   Page ID
#:2340

**COURT RULES**

Fed. Rules Civ. Proc.

Rule 8 ................................................................................................... 3
Rule 9(b) ...................................................................................... 16, 17
Rule 12(b)(6) .................................................................................. 3, 4
Rule 12(b)(1) ....................................................................................... 4

**OTHER AUTHORITIES**

California Senate Bill 277

SB 277 ...................................................................... 1, 2, 11, 13, 14

34

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 35 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 130-1   Filed 08/10/17   Page 9 of 28   Page ID
#:2341

1

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

3   Plaintiffs' Second Amended Complaint (SAC) (ECF No. 136) fails to

4   address any of the defects of their previous pleadings.  Other than adding four

5   defendants – the U.S. Magistrate Judge and the state government attorneys

6   representing the Defendants – and the removal of some of the state legislators'

7   spouses as defendants, the SAC is virtually identical to the First Amended

8   Complaint (FAC) (ECF No. 15).  By simply repeating their prior implausible

9   claims, without any substantive amendment, Plaintiffs have entirely disregarded the

10  Magistrate's Report and Recommendation (ECF No. 123) and this Court's order

11  adopting and approving the dismissal of the FAC (ECF No. 135).  Plaintiffs' claims

12  should be dismissed without leave to amend.[1]

13  Plaintiffs' allegations that the Governor, various state legislators, *and their*

14  *spouses*, engaged in an unlawful conspiracy to influence the enactment of

15  California's mandatory child vaccination statute, California Senate Bill 277 (Stats

16  2015 Ch. 35) (SB 277), are no more plausible now than when they were first

17  alleged a year ago.  And, Plaintiffs' claims are certainly not made any more

18  plausible by naming the U.S. Magistrate Judge and counsel for the Defendants.

19  While *pro se* pleadings are to be liberally construed, a *pro se* action should

20  be dismissed if, after careful consideration, the Court concludes that the allegations

21  of the complaint disclose that no cognizable claim can be stated and that

22  amendment would be futile.  *Cato v. United States*, 70 F.3d 1103, 1196 (9th Cir.

23  1995).  Like the FAC, the SAC fails to establish any plausible claims.  Given the

24  long-established, indisputable jurisprudence establishing Defendants' immunity

25

26  [1] Because the claims and allegations within the SAC (ECF No. 136) are
nearly identical to those in the FAC (ECF No. 15), Defendants' Motion to Dismiss
27  Plaintiffs' First Amended Complaint is incorporated by reference.

28

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 36 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 128-1   Filed 08/10/17   Page 10 of 28   Page ID
#:2342

1  from Plaintiffs' claims and the constitutionality of mandatory school vaccination,

2  any further amendment to Plaintiffs' pleading would be futile.

3      First, the Eleventh Amendment prohibits suit against the State, and by

4  extension, the Governor in his official capacity, in federal court.  Moreover, the

5  advocacy for and passage of legislation, as well as the acceptance of campaign

6  contributions, are protected activities under the *Noerr-Pennington* immunity

7  doctrine, which bars suit against the Governor and Defendant Anne Gust, the

8  Governor's wife.  Furthermore, government attorneys sued for conduct related to

9  litigation duties, such as the defense of this unfounded lawsuit, have "absolute

10  official immunity" from Plaintiffs' claims.  *Bly-Magee v. California*, 236 F.3d.

11  1014, 1018 (9th Cir. 2001.)

12      Second, even if this Court finds that one or more of the Defendants are not

13  immune, Plaintiffs' claims fail to state plausible allegations against Defendants in

14  their personal and official capacities.  Federal Racketeer Influenced and Corrupt

15  Organizations (RICO) statutes cannot be used to address an alleged civil rights

16  violation.  As such, Plaintiffs have not pled "predicate acts" upon which Plaintiffs

17  can base their claims, rendering these claims defective.

18      Moreover, the object of the alleged conspiracy, the enactment of SB 277 and

19  alleged violation of Plaintiffs' purported constitutional rights, was indisputably an

20  exercise of the Legislature's legitimate and compelling interest in protecting public

21  health and safety by mandating vaccinations for school children, something which

22  has been *unanimously* recognized by the U.S. Supreme Court, the California

23  Supreme Court, and every other federal and state court that has addressed the issue

24  *for over a century*.  As such, Plaintiffs' foundational claim, that their constitutional

25  rights have been violated, fails as a matter of both state and federal law.

26      For the foregoing reasons, and for the reasons more specifically addressed in

27  Defendants' motions to dismiss Plaintiffs' FAC, Defendants respectfully request

28  that the Court dismiss Plaintiffs' SAC, without leave to amend, and dismiss this

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 37 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 128-1   Filed 08/10/17   Page 11 of 28   Page ID
#:2343

1   action with prejudice.

## STANDARD OF REVIEW

2
3        To survive a motion to dismiss for failure to state a claim under Rule

4   12(b)(6) of the Federal Rules of Civil Procedure (Rule 12(b)(6)), the complaint

5   must allege "enough facts to state a claim to relief that is plausible on its face."

6   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

7        The "plausibility" requirement serves to ensure that the "plain statement"

8   required under Rule 8 of the Federal Rules of Civil Procedure (Rule 8) has "enough

9   heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557.

10  Purely conclusory allegations will not suffice; "a plaintiff's obligation to provide

11  the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

12  conclusions . . . ." *Id*. at 555-556.  Plaintiffs may not rely on wholly conclusory

13  allegations in the complaint and then simply hope that, through the discovery

14  process, the necessary facts will arise to support their claim.  *Id*. at 557-558.

15       Moreover, the complaint must be dismissed if there could be an alternative,

16  non-nefarious explanation for defendants' conduct, and that plaintiffs have failed to

17  plead specific facts to rebut it.  *Twombly*, 550 U.S. at 567-567.

18       In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified that

19  the standards of Rule 8 it articulated in *Twombly*, *supra*, apply to all civil actions.

20  The Supreme Court re-affirmed that, "[w]here a complaint pleads facts that are

21  'merely consistent with' a defendant's liability, it 'stops short of the line between

22  possibility and plausibility of 'entitlement to relief.'" *Id.*, at 678 (quoting from

23  *Twombly*).

24       Adherence to the pleading requirements in Rule 8 is critical to ensuring that

25  government officials are not forced into litigation unnecessarily.  As recognized in

26  *Ashcroft v. Iqbal*:

27       If a Government official is to devote time to his or her duties, and to the
         formulation of sound and responsible policies, it is counterproductive to

28

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 38 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 138-1   Filed 08/10/17   Page 12 of 28   Page ID
#:2344

require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed.

*Iqbal*, 556 U.S. at 685.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Federation of African American Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, the Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, as amended by 275 F.3d 1187 (9th Cir. 2001).[2]

In evaluating a complaint under Rule 12(b)(6), the court may consider not only the allegations contained in the complaint, but also matters properly subject to judicial notice. *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage*, 524 F.3d 1090, 1096 (9th Cir. 2008). Additionally, the court need not

---

[2] There is some question as to whether dismissal based on Eleventh Amendment immunity should be analyzed under Rule 12(b)(6) or as a jurisdictional issue under Rule 12(b)(1). *Elwood v. Drescher,* 456 F.3d 943, 949 (9th Cir. 2006)(12(b)(6)); *but see Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040–44 (9th Cir. 2003) (jurisdictional issue under Rule 12(b)(1)). The Ninth Circuit has since attempted to reconcile these cases by calling Eleventh Amendment immunity "quasi-jurisdictional." *Bliemeister v. Bliemeister (In re Bliemeister)*, 296 F.3d 858, 861 (9th Cir. 2002). Since this motion is a facial challenge to the SAC, the analysis is the same under both rules. *See, e.g., Hardesty v. Barcus*, Case No. CV 11-103-M-DWM-JCL, 2012 U.S. Dist. LEXIS 28902, **8-9 (D. Montana, January 20, 2012) ("[t]here is some confusion in the Ninth Circuit as to which of these two rules [Rules 12(b)(1) and 12(b)(6)] provides the proper vehicle for seeking dismissal based on Eleventh Amendment immunity. But because the legal standards under both rules are essentially the same, the Court would reach the same conclusion under either rule").

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 39 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 138-1   Filed 08/10/17   Page 13 of 28   Page ID
#:2345

1   accept as true allegations that contradict matters properly subject to judicial notice.

2   *Sprewell*, 266 F.3d at 988.

3       While *pro se* pleadings are liberally construed, a pro se action should be

4   dismissed if, after careful consideration, the court concludes that the allegations of

5   the complaint disclose that no cognizable claim can be stated and that amendment

6   would be futile. *Cato, supra*, 70 F.3d at p. 1196.

7   **ARGUMENT**

8       Plaintiffs' SAC asserts nine separate Claims for Relief: (1) violation of 18

9   U.S.C. § 1961 et seq. (RICO); (2) violation of 18 U.S.C. § 1962(a)(d) (RICO-

10   Conspiracy); (3) violation of 18 U.S.C. § 175 (Promoting the Sale and Use of

11   Biological Weapons); (4) violation of 18 U.S.C. § 178 (Promoting the Sale and Use

12   of Chemical Weapons); (5) violation of 18 U.S.C. § 241 (Infringement of

13   Constitutional Rights); (6) violation of 18 U.S.C. § 242 (Deprivation of Rights);

14   (7) violation of 18 U.S.C. § 1983 (Violation of Civil Rights); (8) violation of 18

15   U.S.C. § 1986 (Civil Rights); (9) intentional infliction of emotional distress. *See*

16   ECF No. 136.

17       Despite the thorough analysis provided in the Magistrate's Report and

18   Recommendation, Plaintiffs have simply refused to substantively amend their

19   pleading to establish any plausibility for their claims.  Not only are the same causes

20   of action asserted, but also the same allegations within those claims.  Also, naming

21   new defendants to previously asserted claims is not only beyond the leave to amend

22   granted by this Court, but futile in surviving a motion to dismiss when the

23   underlying claims are factually implausible and fail as a matter of law.[3]

24   _____

25       [3] In the FAC, the defendant state legislators and their spouses and Anne Gust

26   were named in all nine Claims for Relief.  The State of California and the Governor
were only named in the First, Second, and Ninth Claims for Relief.  In the SAC,

27   with the exception of the Seventh and Eighth Claims for Relief, all Defendants are
now named.  The Seventh and Eighth Claims for Relief name the defendant state

28   (continued...)

39

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 40 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 135-1   Filed 08/10/17   Page 14 of 28   Page ID
#:2346

1    For the reasons discussed below, each of these claims should be dismissed

2    with prejudice.

3    ## I.    DEFENDANTS ARE IMMUNE FROM SUIT IN THIS CASE

4    In deciding that "relief is not available against the named defendants" in the

5    FAC and recommending that "the complaint be dismissed against the named

6    defendant[s] with prejudice," the U.S. Magistrate Judge clearly delineated the

7    various forms of immunity protecting the State, the Governor, the Governor's wife,

8    and the state legislators.  Report and Recommendation, 9 ECF No. 123.  Plaintiffs

9    have not only disregarded these admonitions by the Magistrate Judge by continuing

10   to name these Defendants, but have also named as additional defendants the

11   Magistrate Judge, herself, and three of the government attorneys representing the

12   Defendants, who are also immune from suit.

13   ### A.    Plaintiffs' Claims Against the State and Governor Brown Are
   Barred by the Eleventh Amendment

14
     Plaintiffs' seven causes of action against the State of California and

15
   Governor Brown are barred by the Eleventh Amendment, which provides:

16
   > The judicial power of the United States shall not be construed to
17   > extend to any suit in law or equity, commenced or prosecuted
   > against one of the United States by citizens of another State, or by
18   > citizens or subjects of any foreign state.

19   The immunity of the State from suit in federal court in cases such as this is

20   unquestioned.  "The Eleventh Amendment grants a State immunity from suit in

21   federal court by citizens of other States, and by its own citizens as well." *Lapides v.*

22   *Ed. Of Regents*, 535 U.S. 613, 616, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002)

23   (citation omitted). [4]

24   _____

25   (...continued)
   legislators, the U.S. Magistrate Judge, Deputy Attorneys General Jonathan E. Rich

26   and Jacquelyn Y. Young, and Deputy Legislative Counsel Cara L. Jenkins.

27   [4] The Eleventh Amendment makes explicit reference only to the States'
   immunity from suits "commenced or prosecuted against one of the United States by

28                                                          (continued...)

40

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 41 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 133-1   Filed 08/10/17   Page 15 of 28   Page ID
#:2347

1    In particular, as explained by the Magistrate Judge, "[t]he Eleventh

2  Amendment bars suits in federal court for damages or injunctive relief against

3  California." Report and Recommendation, 8 ECF No. 123, citing *Papasan v.*

4  *Allain*, 478 U.S. 265, 276 (1986) and *Ass'n des Eleveurs de Canards et d'Oies du*

5  *Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013.)

6    A state agency is entitled to the same Eleventh Amendment immunity

7  enjoyed by the State when a judgment against the agency "would have had

8  essentially the same practical consequences as a judgment against the State itself."

9  *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 401,

10  99 S. Ct. 1171, 1177, 59 L. Ed. 2d 401 (1979).   Likewise, and most important for

11  the purposes of the current motion, the bar to jurisdiction imposed by the Eleventh

12  Amendment also applies to cases premised on federal questions and injunctions

13  against state officials.  *See Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54

14  (1996); *Cory v. White,* 457 U.S. 85, 91 (1982); *Greater Los Angeles Council on*

15  *Deafness v. Zolin,* 812 F.2d 1103, 1110 (9th Cir. 1987).  An official capacity suit is,

16  in all respects, to be treated as a suit against the State. See *Hafer v. Melo*, 502 U.S.

17  21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (citing *Kentucky v. Graham,* 437

18  U.S. 159 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).

19    Despite suing the Governor in both his personal and official capacities,

20  Plaintiffs fail to assert any allegations establishing a plausible claim against the

21  Governor in his personal capacity.  As the Magistrate Judge explained, "the

22  Eleventh Amendment also bars suits for damages against the Governor in his

23  official capacity" and the Governor's "only connection to SB 277 is his general

24

25  (...continued)
Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.

26  Const., Amdt. 11.  The Supreme Court nevertheless has long recognized the

27  doctrine to apply to any suits by private parties against a State. *Alden v. Maine*, 527
U.S. 706, 712-713 (1999).

28

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 42 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 138-1   Filed 08/10/17   Page 16 of 28   Page ID
#:2348
#:2348

1   duty to enforce California law."  Report and Recommendation, 9 ECF No. 123.

2       It is well established that "a generalized duty to enforce state law or general

3   supervisory power over the persons responsible for enforcing the challenged

4   provision will not subject an official to suit." *Snoeck v. Brussa,* 153 F.3d 984, 986

5   (9th Cir. 1998); *see also Los Angeles Branch NAACP v. Los Angeles Unified*

6   *School Dist.,* 714 F.2d 946, 953 (9th Cir. 1983) (governor's "general duty to

7   enforce California law . . . does not establish the requisite connection between him

8   and the unconstitutional acts" alleged in suit claiming de jure segregation of city

9   school system); *Shell Oil Co. v. Noel,* 608 F.2d 208, 211 (1st Cir. 1979) ("The mere

10   fact that a governor is under a general duty to enforce state laws does not make him

11   a proper defendant in every action attacking the constitutionality of a state statute").

12   Additionally, "[w]here the enforcement of a statute is the responsibility of parties

13   other than the governor . . . the governor's general executive power [to enforce laws]

14   is insufficient to confer jurisdiction").  *Women's Emergency Network v. Bush,* 323

15   F.3d 937, 949-50 (11th Cir. 2003).

16       All of Plaintiffs' claims brought against the Governor of the State of

17   California are barred by operation of the Eleventh Amendment, as the Court has no

18   jurisdiction to hear such claims.  As such, the claims should be dismissed.

19
20      **B.**     **Plaintiffs' Claims Against the Governor and His Wife Are Barred
by Operation of the *Noerr-Pennington* Immunity Doctrine**

21       The *"Noerr-Pennington"* immunity doctrine holds that "those who petition

22   any department of the government for redress are generally immune from statutory

23   liability for their petitioning conduct." *Rupert v. Bond,* 68 F.Supp.3d 1142, 1156

24   (N.D. Cal. 2014).  Conduct covered under the immunity doctrine includes speech,

25   proposals and petitions. *Swetlik v. Crawford,* 738 F.3d 818, 830 (7th Cir. 2013)

26   (concurring opinion); citing *Miracle Mile Associates v. Rochester*, 617 F.2d 18 (2d

27   Cir. 1980); *Mariana v. Fisher*, 338 F.3d 189 (3d Cir. 2003). The doctrine

28   encompasses any branch of government, including the executive, legislative,

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 43 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document #:4851   Filed 08/10/17   Page 17 of 28   Page ID
#:2349

1    judicial and administrative agencies. *California Motor Transp. Co. v. Trucking*

2    *Unlimited,* 404 U.S. 508, 510, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). The *Noerr-*

3    *Pennington* immunity is also applicable to both §1983 and RICO claims. *Sosa v.*

4    *DIRECTV, Inc.,* 437 F.3d 923, 942 (9th Cir. 2006); *Manistee Town Ctr. v. City of*

5    *Glendale*, 227 F.3d 1090, 1092 (9th Cir. 2000).

6      Here, the pertinent allegations against the Governor are that he colluded with

7    lawmakers and drug companies to espouse a position on the issue of mandatory

8    vaccinations and, when the legislation came before him, signed SB 277 into law.

9    Plaintiffs assert that the receipt of campaign contributions was the motivation for

10    these purported acts. However, the *Noerr-Pennington* immunity is applicable to all

11    the alleged acts of the Governor even if, as Plaintiffs allege, the Governor also

12    advocated for the law and worked for its passage behind the scenes, outside of the

13    view of the public. Plaintiffs' conclusory allegations of "secret," "closed door"

14    meetings to influence the outcome of the passage of the bill are clearly covered by

15    *Noerr-Pennington*. *Boone v. Redevelopment Agency of City of San Jose*, 841 F.2d

16    886, 895 (9th Cir. 1988). In *Boone,* the Ninth Circuit held that the plaintiffs'

17    allegations of "shadowy secret meetings and covert agreements" did not take their

18    claim outside of *Noerr-Pennington*. *Id.* at 894-895. Likewise, while Plaintiffs

19    allege that legislators accepted campaign contributions in exchange for passage of

20    the law, such allegations are not sufficient to negate the *Noerr-Pennington*

21    immunity. "Payments to public officials, in the form of honoraria or campaign

22    contributions, is a legal and well-accepted part of our political process" and "fall

23    within the *Noerr-Pennington* doctrine." *Id.* Thus, not only are Plaintiffs'

24    conclusions factually unsupported, but they all clearly entail activity that the *Noerr-*

25    *Pennington* doctrine covers.

26      The Magistrate Judge also determined that "[t]o the extent [Defendant] Gust

27    is not shielded by Eleventh Amendment immunity, her alleged acts in support of

28    SB 277 would be shielded by the *Noerr* doctrine and the First Amendment."

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 44 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 138-1   Filed 08/10/17   Page 18 of 28   Page ID
#:2350

1   Report and Recommendation, 9 ECF No. 123, at n.9, citing *Manistee*, 227 F.3d at

2   p. 1093 (lobbying of government protected by *Noerr* doctrine).  Plaintiffs fail to

3   dispute the application of these immunities to either the Governor or the Governor's

4   wife.

5          In short, the *Noerr-Pennington* immunity has evolved into "a generic rule of

6   statutory construction, applicable to any statutory interpretation that could implicate

7   the rights protected by the Petition Clause." *Sosa*, 437 F.3d at 931.  Regardless of

8   the inflammatory language used by Plaintiffs, their claims against the Governor and

9   the Governor's wife, even if true, are not actionable in light of the immunity

10  afforded under the *Noerr-Pennington* doctrine and its progeny.  As such, the claims

11  against the Governor in the SAC do not, and cannot, state a claim against them, and

12  this motion to dismiss should be granted.

### C.   Claims Against Counsel for the State of California, the Governor and the Governor's Wife Are Barred by Absolute Official Immunity

15         Without prior leave of court, Plaintiffs have named three government

16  attorneys as defendants in their SAC: Deputy Legislative Counsel Cara Jenkins, and

17  Deputy Attorney Generals Jonathan E. Rich and Jacquelyn Y. Young.  Plaintiffs

18  also added U.S. Magistrate Judge Alicia G. Rosenberg as a defendant.

19         A government attorney representing a party in a civil action has absolute

20  immunity from any claim for damages "to assure that . . . advocates . . . can perform

21  their respective functions without harassment or intimidation." *Fry v. Melaragno*,

22  939 F.2d 832, 837 (9th Cir. 1991), citing *Butz v. Economou*, 438 U.S. 478, 512

23  (1978).  Because of "the similarity of functions of government attorneys in civil,

24  criminal and agency proceedings, and the numerous checks on abuses of authority

25  inherent in the judicial process . . . [t]he reasons supporting the doctrine of absolute

26  immunity apply with equal force regardless of the nature of the underlying action."

27  Fry, 939 F.2d at 837, quoting *Flood v. Harrington*, 532 F.2d 1248, 1251 (9th Cir.

28  1976).  Absolute immunity attaches so long as "the government attorney is

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 45 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 138-1   Filed 08/10/17   Page 19 of 28   Page ID
#:2351

1   performing acts 'intimately associated with the judicial phase' of the litigation."

2   *Fry v. Melaragno*, 939 F.2d 832, 837; *accord*, *Bly-Magee v. California*, 236 F.3d

3   1014, 1018 (9th Cir. 2001) (holding that state government attorneys for the

4   California Attorney General are immune from liability whether sued in their official

5   or individual capacities.)

6       Plaintiffs have not asserted any plausible claim against these government

7   attorneys.  These claims should be dismissed with prejudice.

8   **II.   PLAINTIFFS HAVE FAILED TO PLEAD A VIOLATION OF THEIR**

9   **CONSTITUTIONAL RIGHTS BECAUSE LAWS REQUIRING MANDATORY**
    **IMMUNIZATION HAVE UNEQUIVOCALLY BEEN UPHELD AS**

10   **CONSTITUTIONAL FOR OVER A CENTURY**

11       Even if this Court should find that one or more of the Defendants are not

     immune, Plaintiffs' claims still fail, as a matter of law, to allege a violation of their
12
     constitutional rights by any of the Defendants.  As such, any further amendment
13
     would be futile.  The SAC should be dismissed without leave to amend and this
14
     action should be dismissed with prejudice.
15
         The thrust of Plaintiffs' claims is that Defendants somehow conspired to
16
     enact SB 277, and that, in so doing, Defendants violated Plaintiffs' constitutional
17
     rights.  The facial implausibility of Plaintiffs' conspiracy claims is addressed in
18
     subsequent sections of this Memorandum.  However, as discussed below, naming
19
     additional defendants to the Third, Fourth, Fifth, Sixth, Seventh and Eighth Claims
20
     for Relief is unavailing because the essence of these claims and the purported object
21
     of the alleged conspiracy – the enactment of SB 277 – was a proper exercise of the
22
     Legislature's legitimate and compelling interest in protecting the public health
23
     through mandatory vaccination of school children, continuously recognized as such
24
     for decades by the U.S. Supreme Court, the California Supreme Court, and every
25
     other federal and state court that has considered the issue.
26
         Given that Plaintiffs' claims and allegations in the SAC are materially and
27
     substantively identical to those in the FAC, Defendants incorporate by reference the
28

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 46 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 138-1   Filed 08/10/17   Page 20 of 28   Page ID
#:2352

1  legal arguments and summary of case law on pages 11 through 17 of their

2  Defendants' Motion to Dismiss FAC (ECF No. 105-1), and on pages 10 through 15

3  of the Magistrate Judge's Report and Recommendation (ECF No. 123).

### A. SB 277 Does Not Violate Any of the Plaintiffs' Purported Constitutional Rights

6  Citing extensively from *Jacobson v. Commonwealth of Massachusetts*, 197

7  U.S. 11, 27 (1905), *Zucht v. King*, 260 U.S. 174 (1922), *Prince v. Massachusetts*,

8  321 U.S. 158 (1944), and *Abeel v. Clark*, 84 Cal. 226 (1890), the Magistrate Judge

9  detailed the long-established, indisputable jurisprudence supporting the right of the

10  States to enact and enforce laws requiring citizens to be vaccinated.  Report and

11  Recommendation, 10-15 ECF No. 123.  Such precedent has withstood over a

12  century of constitutional challenges and been affirmed in a multitude of federal and

13  state courts, most notably in the United States Supreme Court and the California

14  Supreme Court.  Moreover, the federal district court in San Diego confirmed the

15  unquestioned authority of *Jacobson* and its progeny and rejected a similar challenge

16  to SB 277 by a separate group of plaintiffs, in *Whitlow, et al. v. Department of*

17  *Education et al.*, S.D. Cal. Case No. 3:16-cv-01715-DMS-BGS (*Whitlow*).  The

18  Magistrate Judge concluded that "[t]his [C]ourt finds the reasoning in *Whitow*

19  persuasive."  Report and Recommendation, 10 ECF No. 123.  In responding to the

20  Defendants' Motions to Dismiss the FAC, Plaintiffs made no attempt to distinguish

21  or overcome the longstanding jurisprudence supporting the constitutionality of

22  mandatory school vaccination laws such as SB 277.  Plaintiffs' SAC similarly lacks

23  any allegations or reason for this Court to ignore this precedent.

24  Any further leave to amend is futile because Plaintiffs' claims fail as a matter

25  of law.  The Magistrate Judge specifically addressed each of Plaintiffs' alleged

26  violations of their purported constitutional rights.  Citing U.S. Supreme Court

27  precedent, the Magistrate Judge detailed how and why Plaintiffs' claims fail as a

28  matter of law, as follows.

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 47 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 148-1   Filed 08/10/17   Page 21 of 28   Page ID
#:2353

### 1.   *Free Exercise of Religion*

There is no constitutional right to be violated, because "'[t]he right to practice religion freely does not include liberty to expose the community or the child to communicable disease or the latter to ill health and death.'"  Report and Recommendation, 13 ECF No. 123 (citing *Prince*, 321 U.S. at 166-67.)  As such, Plaintiffs' "personal beliefs, as distinguished from religious beliefs, are not protected by the First Amendment."  *Id.* (citing *Wisconsin v. Yoder*, 406 U.S. 205, 215 (1972) and *Whitlow*.)

### 2.   *The Fourth Amendment*

"It is not clear how Plaintiffs believe SB 277 violates the Fourth Amendment.  To the extent Plaintiffs allege violation of a right to medical privacy, the [U.S.] Supreme Court has held that: '[a] student's privacy interest is limited in a public school environment where the State is responsible for maintaining discipline, health, and safety.  Schoolchildren are routinely required to submit to physical examinations and vaccinations against disease.'"  Report and Recommendation, 14 ECF No. 123 (citing *Bd. of Ed. v. Earls*, 536 U.S. 822, 830-31 (2002)).

### 3.   *Due Process*

Plaintiffs' "claims are foreclosed by [the U.S. Supreme Court's decision in] *Zucht*."  Report and Recommendation, 14 ECF No. 123.  "As *Jacobson* made clear," the decision of whether vaccines benefit or harm society "is a determination for the legislature, not the individual objectors."  *Id.*, at 14-15 (citing *Phillips v. City of New York*, 775 F.3d 538, 542-43 (2nd Cir. 2015).)

### 4.   *Equal Protection*

Plaintiffs "have not alleged that children with [personal belief exemptions] are a suspect class . . . or that the classifications burden a fundamental right . . . Thus, the classifications are subject to rational basis review . . . Allowing [fully vaccinated children] to attend school and excluding [children not fully vaccinated] is rationally related to the State's interest in protecting public health and safety."

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 48 of 93   Page ID
#:2354
Case 2:16-cv-05224-SVW-AGR   Document 136-1   Filed 08/10/17   Page 22 of 28   Page ID
#:2115

1   Report and Recommendation, 15 ECF No. 123 (citing *Whitlow*, 203 F.Supp. at

2   1088.)

3            **5.      *The Ninth Amendment***

4            "Plaintiffs *cannot state a claim*," because the Ninth Amendment "has not

5   been interpreted as independently securing any constitutional rights for purposes of

6   making out a constitutional violation." Report and Recommendation, 16 ECF No.

7   123 (emphasis added) (citing *Schowengerdt v. United States*, 944 F.2d 483, 490

8   (9th Cir. 1991) and *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121,

9   1125 (9th Cir. 1996).)

10           **6.      *The Thirteenth Amendment***

11           "[T]here are no facts supporting a claim of involuntary servitude" against the

12  State Defendants. Report and Recommendation, at 16 ECF No. 123. Plaintiffs

13  only direct their Thirteenth Amendment claim against the Magistrate Judge,

14  incoherently alleging that "Defendant Rosenberg is essentially 'Making a Slave' of

15  Plaintiffs." SAC, ECF No. 136, at ¶100.

16           It is beyond dispute that SB 277 is a constitutional enactment. Therefore,

17  even if there were a shred of plausibility to Plaintiffs' claims that Defendants

18  engaged in an alleged conspiracy, Plaintiffs' claims fail regardless because, as a

19  matter of law, the object of that alleged conspiracy, the enactment of SB 277, was

20  entirely lawful and, indeed, constitutional.

21  **B.      Plaintiffs' Criminal Claims Fail as a Matter of Law**

22           In their SAC, Plaintiffs now name the State Defendants in their previous

23  claims under various criminal statutes against the Legislative Defendants and Anne

24  Gust. However, the Magistrate Judge clearly held that these claims fail as a matter

25  of law, as follows.

26

27           **1.      *42 U.S.C. § 1986***

28  "Section 1986 imposes liability on a person who knows of an impending

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 49 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 138-1   Filed 08/10/17   Page 23 of 28   Page ID
#:2355

1    violation of [42 U.S.C.] § 1985 but neglects to prevent it." Report and

2    Recommendation, at p. 16 (citing *Karim-Panahi v. Los Angeles Police Dept.*, 839

3    F.2d 621, 626 (9th Cir. 1989).) "A claim can be stated under section 1986 only if

4    the complaint contains a valid claim under section 1985." *Id.* (citing *Karim-*

5    *Panahi*, 839 F.2d at 626 and *McCalden v. California Library Ass'n*, 955 F.2d 1214,

6    1223 (9th Cir. 1990).) 42 U.S.C. § 1985 prohibits individuals from (1) preventing

7    an officer from performing duties; (2) obstructing justice and/or intimidating a

8    party, witness, or juror; and (3) depriving persons of rights or privileges.

9    "Plaintiffs' failure to allege a [valid] claim under § 1985 is fatal to any claim under

10   § 1986." *Id.*

11                **2.    *18 U.S.C. §§ 175, 178, 241, 242***

12           Plaintiffs assert claims for relief under criminal statutes 18 U.S.C. § 175

13   (promoting the sale and use of biological weapons), §178 (promoting the sale and

14   use of chemical weapons), § 241 (infringement of constitutional rights); and § 242

15   (deprivation of rights). SAC, ECF No. 136, at ¶¶ 141-55. However, Plaintiffs fail

16   to explain how they have standing to assert such claims. "Private individuals may

17   not prosecute others for alleged crimes." Report and Recommendation, 16 ECF

18   No. 123. "The [U.S.] Supreme Court has not inferred a private right of action from

19   the existence of a criminal statute." *Id.*; see also *Central Bank of Denver v. First*

20   *Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) ("[W]e have not suggested

21   that a private right of action exists for all injuries caused by violations of criminal

22   prohibitions.")

23           As further explained by the First Circuit, "[n]ot only are we unaware of any

24   authority for permitting a private individual to initiate a criminal prosecution in his

25   own name in a United States District Court, but also to sanction such a procedure

26   would be to provide a means to circumvent the legal safeguards provided for

27   persons accused of crime." *Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964.)

28   Even if there were some remote basis for finding a private right of action under

Case 2:16-cv-05224-SVW-AGR  Document 142  Filed 09/15/17  Page 50 of 93  Page ID
Case 2:16-cv-05224-SVW-AGR  Document 138-1  Filed 08/10/17  Page 24 of 28  Page ID
#:2356

1    these criminal statutes, the causes of actions still fail because of (1) Plaintiffs' lack

2    of plausible allegations to support these claims; and (2) the longstanding

3    jurisprudence supporting mandatory school vaccinations.  Thus, Plaintiffs' Third,

4    Fourth, Fifth, and Sixth Claims for Relief fail as a matter of law and should be

5    dismissed with prejudice.

6          **C.**     **Plaintiffs Fail to State RICO Claims Against the Defendants**

7          Plaintiffs' allegations that Defendants engaged in racketeering activity by

8    "obstructing justice" in violation of 18 U.S.C. § 1503 are entirely conclusory and

9    facially implausible.  As articulated by the Magistrate Judge, "[t]he [C]ourt is hard

10    pressed to see any way in which Plaintiffs' challenge to SB 277 could plausibly fall

11    within RICO."  Report and Recommendation, 17 ECF No. 123.

12          Plaintiffs were specifically instructed by the Magistrate Judge to "allege

13    injury to their business or property by reason of a violation of [18 U.S.C.] § 1962"

14    and to allege "facts tending to show that he or she was injured by the use or

15    investment of racketeering income."  17-18 ECF No. 123, citing *Sedima, S.P.R.L. v.*

16    *Imrex Co.*, 473 U.S. 479, 495-97 (1985) and *Nugget Hydroelectric, L.P. v. Pacific*

17    *Gas & Elec. Co.*, 981 F.2d 429, 437 (9th Cir. 1992).  Plaintiffs failed to do so.

18    Plaintiffs fail to even plausibly articulate any sort of "[i]njury from alleged

19    racketeering acts that generated the income" and even to that end, such allegations

20    are "not sufficient."  *Id.*, at 18.

21          Plaintiffs assert that "under color of official right . . . the Hobbs Act could be

22    used to prosecute political corruption as long as there was quid pro quo."  SAC,

23    ECF No. 136, at ¶ 91.  Yet, there are no factual allegations to support such a claim

24    of quid pro quo.  All elements of RICO liability must be pled particularly: "Rule

25    9(b)'s requirement that in all averments of fraud or mistake, the circumstances

26    constituting fraud or mistake shall be stated with particularity applies to civil RICO

27    fraud claims." *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065-1066 (9th Cir.

28    2004). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where,

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 51 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 128-1   Filed 08/10/17   Page 25 of 28   Page ID
#:2357

1    and how of the misconduct charged, as well as what is false or misleading about the

2    purportedly fraudulent statement, and why it is false." *Cafasso, U.S. ex rel. v.*

3    *General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1055 (9th Cir. 2011).  Under

4    Rule 9(b), "the complaint must specify such facts as the times, dates, places,

5    benefits received, and other details of the alleged fraudulent activity." *Neubronner*

6    *v. Milken,* 6 F.3d 666, 672 (9th Cir. 1993).

7         A cursory review of the overbroad and conclusory RICO allegations in the

8    SAC clearly shows a complete failure to set forth facts with the required specificity.

9    Plaintiffs merely allege in their pleading that certain lawmakers have taken political

10   contributions from pharmaceutical companies and had some "closed door"

11   meetings, and that Governor Brown entered into an enterprise with the legislators

12   and the pharmaceutical companies to pass a law based on science that Plaintiffs

13   reject.  Thus, Plaintiffs conclude, all the Defendants engaged in a criminal

14   enterprise aimed at "extorting" Plaintiffs' rights.  This is simply insufficient to

15   support a claim under RICO.  "Absent allegations of a viable RICO violation,

16   Plaintiffs' allegations of a conspiracy to violate RICO under § 1962(d) also fail to

17   state a claim."  Report and Recommendation, 18 ECF No. 123 (citing *Sanford v.*

18   *MemberWorks,* 625 F.3d 550, 559 (9th Cir. 2010).

19        Given that Plaintiffs' RICO claims in their SAC are identical to those in the

20   FAC, the State Defendants incorporate the legal arguments on pages 17 through 24

21   of their previous Motion to Dismiss.

22                                  **CONCLUSION**

23        For the foregoing reasons, Defendants respectfully request that the Court

24   dismiss Plaintiffs' Second Amended Complaint, without leave to amend, and

25   dismiss this action with prejudice.

26   ///

27   ///

28   ///

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 52 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 138-1   Filed 08/10/17   Page 26 of 28   Page ID
#:2358

1    Dated:  August 10, 2017                    Respectfully submitted,

2                                               XAVIER BECERRA
                                                Attorney General of California
3                                               JENNIFER M. KIM
                                                ELIZABETH S. ANGRES
4                                               Supervising Deputy Attorneys General
                                                ELIZABETH G. O'DONNELL
5                                               JACQUELYN Y. YOUNG
                                                Deputy Attorneys General
6

7                                               */s/ Jonathan E. Rich*
8                                               JONATHAN E. RICH
                                                Deputy Attorney General
9                                               *Attorneys for Defendants*
                                                *Governor Edmund G. Brown, Jr.,*
10                                              *Anne Gust, and the State of California*

11   Dated:  August 10, 2017                    XAVIER BECERRA
                                                Attorney General of California
12                                              ELIZABETH S. ANGRES
                                                Supervising Deputy Attorney General
13

14

15                                             */s/ Elizabeth G. O'Donnell*
                                                ELIZABETH G. O'DONNELL
16                                              Deputy Attorney General
                                                *Attorneys for Defendants*
17                                              *Deputy Attorneys General Jonathan E.*
                                                *Rich and Jacquelyn Y. Young*
18

19   *Pursuant to Local Rule 5-4.3.4 (a) (2) (i), the filer of this document attests that all
     other signatories listed on whose behalf the filing is submitted concur in the filing's
20   content and have authorized the filing.

21   */s/ Jonathan E. Rich*
     JONATHAN E. RICH
22

23

24   LA2016602117
     52587635.doc

25

26

27

28

                                    52

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 53 of 93   Page ID
#:2358
Case 2:16-cv-05224-SVW-AGR   Document 138-1   Filed 08/10/17   Page 27 of 28   Page ID
#:2359

# CERTIFICATE OF SERVICE

| Case Name: | **Middleton, et al. v. Pan et al.** | No. | **2:16-cv-05224-SVW-AGR** |
|---|---|---|---|

I hereby certify that on <u>August 10, 2017</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANTS STATE OF CALIFORNIA, GOVERNOR BROWN, ANNE GUST, AND DEPUTY ATTORNEYS GENERAL JONATHAN E. RICH AND JACQUELYN Y. YOUNG, TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users.  On August 10, 2017, I caused to be delivered the foregoing document(s) via email to Plaintiff Travis Middleton, by agreement with him, to the following address: Travis_m_93101@yahoo.com.

On August 10, 2017, I caused to be delivered the foregoing document(s) by first class mail to the following non-CM/ECF participants:

**SEE ATTACHED SERVICE LIST.**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>August 10, 2017</u>, at Los Angeles, California.

| Jonathan E. Rich | /s/ Jonathan E. Rich |
|---|---|
| Declarant | Signature |

53

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 54 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 136-1   Filed 08/10/17   Page 28 of 28   Page ID
#:2360

1

## SERVICE LIST

2

| | |
|---|---|
| Travis Middleton<br>27 West Anapamu Street, No. 153<br>Santa Barbara, CA  93101 | Paige Murphy<br>2230 Memory Lane<br>West Lake Village, CA  91361 |
| Jade Baxter<br>207 West Victoria Street<br>Santa Barbara, CA  93101 | Bret Nielson<br>2230 Memory Lane<br>West Lake Village, CA  91361 |
| Melissa Christou<br>1522 Knoll Circle Drive<br>Santa Barbara, CA  93101 | Lisa Ostendorf<br>5459 Place Court<br>Santa Barbara, CA  93111 |
| Don Demanlevesde<br>618 West Ortega<br>Santa Barbara, CA  93111 | Julianna Pearce<br>28780 My Way<br>Oneals, CA  93645 |
| Denise Michelle Derusha<br>7125 Santa Ysabel, Apt. 1<br>Atascadero, CA  93422 | Murid Rosensweet<br>2230 Memory Lane<br>West Lake Village, CA  91361 |
| Eric Durak<br>133 Campo Vista Drive<br>Santa Barbara, CA  93111 | Marina Read<br>322 Pebble Beach Drive<br>Goleta, CA  93117 |
| Candyce Estave<br>430 East Rose Avenue<br>Santa Maria, CA  93454 | Lori Strantz<br>120 Barranca No. B<br>Santa Barbara, CA 93109 |
| Anwanur Gielow<br>390 Park Street<br>Buelton, CA  93427 | Alice Trooper<br>1805 Mountain Avenue<br>Santa Barbara, CA  93101 |
| Brent Haas<br>2715 Verde Vista<br>Santa Barbara, CA  93105 | Rachil Vincent<br>4320 Viua Presada<br>Santa Barbara, CA  93110 |
| Jessica Haas<br>2715 Verde Vista<br>Santa Barbara, CA 93105 | JuliaAnne Whitney<br>55 Chrestview Lane<br>Montecito, CA  93108 |
| Andrea Lewis<br>1331 Santa Barbara Street, No. 10<br>Santa Barbara, CA  93101 | |

54

# Applications/Ex Parte
# Applications/Motions/Petitions/Requests

2:16-cv-05224-SVW-AGR Travis Middleton et al v. Richard Pan et al

194

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Rich, Jonathan on 8/10/2017 at 1:50 PM PDT and filed on 8/10/2017

| | |
|---|---|
| **Case Name:** | Travis Middleton et al v. Richard Pan et al |
| **Case Number:** | 2:16-cv-05224-SVW-AGR |
| **Filer:** | Edmund G. Brown, Jr |
| | Anne Gust |
| | The State of California |

**Document Number:** 138

**Docket Text:**
**NOTICE OF MOTION AND MOTION to Dismiss Case *Second Amended Complaint* filed by Defendants Edmund G. Brown, Jr(individual), Anne Gust(individual), The State of California. Motion set for hearing on 9/11/2017 at 01:30 PM before Judge Stephen V. Wilson. (Attachments: # (1) Memorandum of Points and Authorities) (Rich, Jonathan)**

**2:16-cv-05224-SVW-AGR Notice has been electronically mailed to:**

Cara L Jenkins    cara.jenkins@lc.ca.gov, christina.witt@lc.ca.gov

Elizabeth G O'Donnell    elizabeth.odonnell@doj.ca.gov, Elizabeth.Angres@doj.ca.gov, Teresa.DePaz@doj.ca.gov

Jonathan E Rich    Jonathan.Rich@doj.ca.gov, Elizabeth.ODonnell@doj.ca.gov, jennifer.kim@doj.ca.gov, richard.Waldow@doj.ca.gov, veronica.sawers@doj.ca.gov, yesenia.caro@doj.ca.gov

**2:16-cv-05224-SVW-AGR Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

Alice Tropper
1805 Mountain Avenue
Santa Barbara, CA 93101

Andrea Lewis

55

1331Santa Barbara Street No. 10
Santa Barbara, CA 93101

Anwanur Gielow
390 Park Street
Buelton, CA 93427

Brent Haas
2715 Verde Vista
Santa Barbara, CA 93105

Bret Nielsen
2230 Memory Lane
West Lake Village, CA 91361

Candyce Estave
430 East Rose Avenue
Santa Maria, CA 93454

Denise Michelle Derusha
7125 Santa Ysabel, Apt. 1
Atascadera, CA 93422

Don Demanlevesde
618 West Ortega Street
Santa Barbara, CA 93101

Eric Durak
133 Campo Vista Drive
Santa Barbara, CA 93111

Jade Baxter
207 West Victoria Street
Santa Barbara, CA 93101

Jessica Haas
2715 Verde Vista
Santa Barbara, CA 93105

JuliaAnne Whitney
55 Crestview Lane
Montecito, CA 93108

Julianna Pearce
28780 My Way
Oneals, CA 93645

Lisa Ostendorf
5459 Place Court

56

Santa Barbara, CA 93111

Lori Strantz
120 Barranca No. B
Santa Barbara, CA 93109

Marina Read
322 Pebble Beach Drive
Goleta, CA 93117

Melissa Christou
1522 Knoll Circle Drive
Santa Barbara, CA 93101

Murid Rosensweet
2230 Memory Lane
West Lake Village, CA 91361

Paige Murphy
2230 Memory Lane
West Lake Village, CA 91361

Rachil Vincent
4320 Viua Presada< BR> Santa Barbara, CA 93110

Travis Middleton
27 West Anapamu Street No 153
Santa Barbara, CA 93101

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\DEFENDANTS MOTION TO DISMISS.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=8/10/2017] [FileNumber=24026656-0
] [a6474a35d8eb461f0fb83949a427d0ce23afc6efcc83a8aaf01bb82ad692c7fb98e
bba5f01e7377d26333db628c67b2ec04505d7af38c1c2360e28362b2224e7]]
**Document description:**Memorandum of Points and Authorities
**Original filename:**C:\fakepath\DEFENDANTS MEMORANDUM OF POINTS AND
AUTHORITIES.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=8/10/2017] [FileNumber=24026656-1
] [2e0bace01e8c187ae43c6968f035b7d5ef0d24b6f827078a0bbe95014d82ac7a614
7cd270f60a26e1bedb6bdd2cdbc65aa9457c9bb6acb64572515e9665902ec]]

*57*

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 58 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 140   Filed 08/14/17   Page 1 of 4   Page ID #:2362
#:2450

1  DIANE F. BOYER-VINE (SBN: 124182)
   Legislative Counsel
2  ROBERT A. PRATT (SBN: 137704)
   Principal Deputy Legislative Counsel
3  CARA L. JENKINS (SBN: 271432)
   Deputy Legislative Counsel
4  Office of Legislative Counsel
   925 L Street, Suite 700
5  Sacramento, California  95814
6  Telephone:  (916) 341-8000
   E-mail: cara.jenkins@lc.ca.gov
7  E-mail: robert.pratt@lc.ca.gov
8
9  Attorneys for Legislative Defendants

10

11            UNITED STATES DISTRICT COURT

12       FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                 WESTERN DIVISION

14

15  Travis Middleton, et al.,      )  Case No. 2:16-cv-05224-SVW-AGR
                                    )
16       Plaintiffs,               )  **NOTICE OF LEGISLATIVE**
                                    )  **DEFENDANTS' MOTION AND**
17                                  )  **MOTION TO DISMISS**
                                    )  **PLAINTIFFS' SECOND AMENDED**
18  v.                              )  **COMPLAINT**
                                    )
19  Richard Pan, et al.,           )  [*F.R.Civ.P.*, Rule 12(b)(1) and (6)]
                                    )
20       Defendants.               )  Date:   September 11, 2017
                                    )  Time:   1:30 p.m.
21                                  )  Courtroom 10A, Tenth Floor
                                    )  Hon. Stephen V. Wilson
22                                  )
23                                  )
24

25

26

27

28

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 59 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 145   Filed 08/14/17   Page 2 of 4   Page ID #:2363
#:2451

TO THE COURT AND ALL PARTIES HEREIN:

PLEASE TAKE NOTICE THAT on September 11, 2017, at 1:30 p.m., or as soon as the matter may be heard by the Honorable Stephen V. Wilson in courtroom 10A of the above-entitled Court located at 350 W. 1st Street, Los Angeles, California 90012, Defendants Assembly Member Catharine Baker, Assembly Member Richard Bloom, Assembly Member David Chiu, Assembly Member Jim Cooper, Assembly Member Cristina Garcia (erroneously sued as Christina Garcia), Assembly Member Lorena Gonzalez, Assembly Member Reginald Jones-Sawyer, Assembly Member Evan Low, Assembly Member Adrin Nazarian, Assembly Member Bill Quirk, Assembly Member Anthony Rendon, Assembly Member Mark Stone, Assembly Member Jim Wood, Senator Ben Allen, Senator Jim Beall, Senator Marty Block, Senator Kevin de Leon, Senator Robert Hertzberg, Senator Mark Leno, Senator Isadore Hall, Senator Jerry Hill, Senator Hannah-Beth Jackson, Senator Mike McGuire, Senator Holly Mitchell, Senator Richard Pan, Senator Jeff Stone, Senator Bob Wieckowski, Senator Lois Wolk, Wen-Li Wang (erroneously sued as Win-Li Wang), Bruce Wolk, and Deputy Legislative Counsel Cara L. Jenkins (collectively "Legislative Defendants") will and hereby moves to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the following grounds:

///

///

59

1.  Plaintiffs' Second Amended Complaint fails to address the deficiencies in their
First Amended Complaint, as outlined in the Magistrate's Report and
Recommendation dated December 15, 2016 (Docket No. 123), which was
approved and adopted by this Court on July 13, 2017 (Docket No. 135).

2.  Plaintiffs' claims against Legislative Defendants are barred by the doctrine of
legislative immunity.

3.  Plaintiffs' claims against Legislative Defendants are barred by the Eleventh
Amendment to the United States Constitution.

4.  Plaintiffs' claims against Deputy Legislative Counsel Cara L. Jenkins are
barred on the grounds that she is a government attorney and is immune from
suit for conduct in the performance of her official duties.

5.  The Second Amended Complaint fails to state a claim upon which relief can be
granted against Legislative Defendants under Rule 12(b)(6) of the Federal
Rules of Civil Procedure.

6.  The Second Amended Complaint does not comply with Rule 8 of the Federal
Rules of Civil Procedure.


This motion is based on this Notice of Motion, the Memorandum of Points and

Authorities in support thereof, the documents on file with the Court, such other

records and documents of which the Court may be requested to take judicial notice,


60

and any oral argument to the extent the Court deems such argument necessary.

This motion is made following a meet and confer conference pursuant to Local Rule 7-3 between counsel for Legislative Defendants, Cara L. Jenkins, and *pro se* Plaintiff Travis Middleton which took place on August 3, 2017.

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that all signatories listed on whose behalf the filing is submitted concur in the content and have authorized the filing.

Dated: August 14, 2017

Respectfully submitted,
DIANE F. BOYER-VINE
Legislative Counsel


By: __/s/ Cara L. Jenkins__
Cara L. Jenkins
Deputy Legislative Counsel
Attorneys for Legislative Defendants




DIANE F. BOYER-VINE
Legislative Counsel


By: __/s/ Robert A. Pratt__
Robert A. Pratt
Principal Deputy Legislative Counsel
Attorneys for Defendant Deputy Legislative
Counsel Cara L. Jenkins

61

# Applications/Ex Parte Applications/Motions/Petitions/Requests

2:16-cv-05224-SVW-AGR Travis Middleton et al v. Richard Pan et al

194

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Jenkins, Cara on 8/14/2017 at 3:23 PM PDT and filed on 8/14/2017

| | |
|---|---|
| **Case Name:** | Travis Middleton et al v. Richard Pan et al |
| **Case Number:** | 2:16-cv-05224-SVW-AGR |
| **Filer:** | Ben Allen |
| | Catharine Baker |
| | Jim Beall |
| | Martin Jeffrey Block |
| | Richard Bloom |
| | David Chiu |
| | Jim Cooper |
| | Christina Garcia |
| | Lorena Gonzalez |
| | Isadore Hall |
| | Robert Hertzberg |
| | Gerald A. Hill |
| | Hannah-Beth Jackson |
| | Reginald Jones-Sawyer |
| | Mark Leno |
| | Evan Low |
| | Mike McGuire |
| | Holly Mitchell |
| | Adrin Nazarian |
| | Richard Pan |
| | Bill Quirk |
| | Anthony Rendon |
| | Jeff Stone |
| | Mark Stone |
| | Win-Li Wang |
| | Bob Wieckowski |
| | Bruce Wolk |
| | Lois Wolk |
| | Jim Wood |
| | Kevin de Leon |

**Document Number:** 140

62

**Docket Text:**
**NOTICE OF MOTION AND MOTION to Dismiss Case** *Second Amended Complaint* **filed by
Defendants Ben Allen(individual), Catharine Baker(Legislator sued in official capacity), Jim**

Beall(individual), Martin Jeffrey Block(individual), Richard Bloom(individual), David
Chiu(Legislator sued in official capacity), Jim Cooper(Legislator sued in official capacity),
Christina Garcia(Legislator sued in official capacity), Lorena Gonzalez(Legislator sued in official
capacity), Isadore Hall(individual), Robert Hertzberg(Legislator sued in official capacity), Gerald
A. Hill("Jerry", Legislator sued in official capacity), Hannah-Beth Jackson(individual), Reginald
Jones-Sawyer(individual), Mark Leno(individual), Evan Low(individual), Mike McGuire(individual),
Holly Mitchell(individual), Adrin Nazarian(Legislator sued in official capacity), Richard
Pan(individual), Bill Quirk(individual), Anthony Rendon(Legislator sued in official capacity), Jeff
Stone(indiviudal), Mark Stone(individual), Win-Li Wang(Legislator sued in official capacity), Bob
Wieckowski(individual), Bruce Wolk(individual), Lois Wolk (Legislator sued in official capacity),
Jim Wood(Legislator sued in official capacity), Kevin de Leon(Legislator sued in official
capacity). Motion set for hearing on 9/11/2017 at 01:30 PM before Judge Stephen V. Wilson.
(Attachments: # (1) Memorandum, # (2) Proposed Order) (Jenkins, Cara)


**2:16-cv-05224-SVW-AGR Notice has been electronically mailed to:**

Cara L Jenkins    cara.jenkins@lc.ca.gov, christina.witt@lc.ca.gov

Elizabeth G O'Donnell    elizabeth.odonnell@doj.ca.gov, Elizabeth.Angres@doj.ca.gov, Teresa.DePaz@doj.ca.gov

Jonathan E Rich    Jonathan.Rich@doj.ca.gov, Elizabeth.ODonnell@doj.ca.gov, jennifer.kim@doj.ca.gov,
richard.Waldow@doj.ca.gov, veronica.sawers@doj.ca.gov, yesenia.caro@doj.ca.gov

**2:16-cv-05224-SVW-AGR Notice has been delivered by First Class U. S. Mail or by other means BY THE
FILER to :**

Alice Tropper
1805 Mountain Avenue
Santa Barbara, CA 93101

Andrea Lewis
1331Santa Barbara Street No. 10
Santa Barbara, CA 93101

Anwanur Gielow
390 Park Street
Buelton, CA 93427

Brent Haas
2715 Verde Vista
Santa Barbara, CA 93105

Bret Nielsen
2230 Memory Lane
West Lake Village, CA 91361

Candyce Estave
430 East Rose Avenue
Santa Maria, CA 93454

Denise Michelle Derusha
7125 Santa Ysabel, Apt. 1
Atascadera, CA 93422

63

Don Demanlevesde
618 West Ortega Street
Santa Barbara, CA 93101

Eric Durak
133 Campo Vista Drive
Santa Barbara, CA 93111

Jade Baxter
207 West Victoria Street
Santa Barbara, CA 93101

Jessica Haas
2715 Verde Vista
Santa Barbara, CA 93105

JuliaAnne Whitney
55 Crestview Lane
Montecito, CA 93108

Julianna Pearce
28780 My Way
Oneals, CA 93645

Lisa Ostendorf
5459 Place Court
Santa Barbara, CA 93111

Lori Strantz
120 Barranca No. B
Santa Barbara, CA 93109

Marina Read
322 Pebble Beach Drive
Goleta, CA 93117

Melissa Christou
1522 Knoll Circle Drive
Santa Barbara, CA 93101

Murid Rosensweet
2230 Memory Lane
West Lake Village, CA 91361

Paige Murphy
2230 Memory Lane
West Lake Village, CA 91361

Rachil Vincent
4320 Viua Presada
Santa Barbara, CA 93110

Travis Middleton

64

27 West Anapamu Street No 153
Santa Barbara, CA 93101

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Middleton_MTD SAC Notice.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=8/14/2017] [FileNumber=24043656-0
] [606bdf4382ab0d100a413bcd7e4f8c87fdcfe888a2157b544ec942682e406032da8
8e390557fccecb6f56f825865e5a8eb9dcafc4f7848e3b6e2826172cc8737]]
**Document description:**Memorandum
**Original filename:**C:\fakepath\Middleton_MPA ISO MTD SAC(1).pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=8/14/2017] [FileNumber=24043656-1
] [b5fe45e2b05424de6d30f837c75e595442f7c3c8409d51c63b95c1f4e16c609a2e9
251efd9bf49d13926e93da63f1a88588c364607a920b36fe15e3122429ae3]]
**Document description:**Proposed Order
**Original filename:**C:\fakepath\Middleton_MTD SAC proposed order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=8/14/2017] [FileNumber=24043656-2
] [2de4f133f4de044b1bfa8bb89a28efe23bc39b007782ab9e5e48c3efd21f00647de
6eddd24fa16ac07f0593018da78adec9830a7db716142e2b95a146c434a31]]

65

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 66 of 93   Page ID
#:3450
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 1 of 23   Page ID
#:2366

DIANE F. BOYER-VINE (SBN: 124182)
  Legislative Counsel
ROBERT A. PRATT (SBN: 137704)
  Principal Deputy Legislative Counsel
CARA L. JENKINS (SBN: 271432)
  Deputy Legislative Counsel
Office of Legislative Counsel
925 L Street, Suite 700
Sacramento, California  95814
Telephone: (916) 341-8000
E-mail: robert.pratt@lc.ca.gov
E-mail: cara.jenkins@lc.ca.gov

Attorneys for Legislative Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

Travis Middleton, et al.,       ) Case No. 2:16-cv-05224-SVW-AGR
                          )
      Plaintiffs,        ) **MEMORANDUM OF POINTS AND**
                          ) **AUTHORITIES IN SUPPORT OF**
                          ) **LEGISLATIVE DEFENDANTS'**
v.                     ) **MOTION TO DISMISS**
                          ) **PLAINTIFFS' SECOND AMENDED**
Richard Pan, et al.,      ) **COMPLAINT**
                          )
      Defendants.       ) *[F.R. Civ. P., Rule 12(b)(1) and (6)]*
                          )
                          ) Date:  September 11, 2017
                          ) Time:  1:30 p.m.
                          )
                          ) Courtroom 10A, Tenth Floor
                          ) Hon. Stephen V. Wilson

65

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................. 1

II.   PLAINTIFFS FAIL TO ALLEGE FACTS TO SUPPORT ANY
      COGNIZABLE CAUSE OF ACTION AS TO LEGISLATIVE
      DEFENDANTS. ................................................... 2

      A.   Standard of Review ...................................... 2

      B.   The Second Amended Complaint alleges no facts that support a
           claim against any Legislative Defendant. ................. 3

      C.   Plaintiffs' Second Amended Complaint should be dismissed without
           leave to amend because Legislative Defendants are immune from suit in
           this matter. ............................................ 5

           1.   The doctrine of legislative immunity bars any claim as to
                the actions of the Members of the Legislature relating to
                legislation. ....................................... 6

           2.   Plaintiffs' claims against government attorneys are barred by absolute
                immunity. .......................................... 9

           3.   Plaintiffs' RICO claims fail as a matter of law. ........ 10

                a.   The SAC fails to allege facts establishing the existence
                     of an enterprise. ............................ 11

                b.   The SAC does not establish a pattern of racketeering
                     activity. .................................... 12

                c.   The SAC fails to establish that Plaintiffs suffered an
                     injury from the alleged predicate acts. ......... 12

III.  CONCLUSION .................................................. 14

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 68 of 93   Page ID
#:4660
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 3 of 23   Page ID
#:2368

# TABLE OF AUTHORITIES

**Cases**

*Anza v. Ideal Steel Supply Corp.,*
    547 U.S. 451 (2006) ...................................................................... 13

*Ashcroft v. Iqbal,*
    556 U.S. 662, 173 L. Ed. 2d 868, 129 S. Ct. 1937 (2009) ......................... 3

*Balistreri v. Pacifica Police Department,*
    901 F.2d 696 (9th Cir. 1990) ......................................................... 2

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544, 167 L. Ed. 2d 929, 127 S. Ct. 1955 (2007) ......................... 3

*Bly-Magee v. California,*
    236 F.3d 1014 (9th Cir. 2001) ....................................................... 9

*Bogan v. Scott-Harris,*
    523 U.S. 44, 140 L. Ed. 2d 79, 118 S. Ct. 966 (1998) ........................... 6

*Boyle v. United States,*
    556 U.S. 938, 129 S. Ct. 2237, 173 L. Ed. 2d 1265 (2009) ..................... 11

*Canyon Cnty. v. Syngenta Seeds, Inc.,*
    519 F.3d 969 (9th Cir. 2008) ....................................................... 10

*Cato v. United States,*
    70 F. 3d 1103 (9th Cir. 1995) ..................................................... 3, 6

*Chappell v. Robbins,*
    73 F.3d 918 (9th Cir. 1996) ....................................................... 7, 8

*Davis v. Astrue,*
    513 F. Supp. 2d 1137 (N.D. Cal. 2007) ............................................ 2

*Eclectic Props. East, LLC v. Marcus & Millichap Co.,*
    751 F.3d 990 (9th Cir. 2014) ...................................................... 11

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 69 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 4 of 23   Page ID
#:2369

*Flood v. Harrington,*

    532 F.2d 1248 (9th Cir. 1976)................................................................9

*Fry v. Melaragno,*

    939 F.2d 832 (9th Cir. 1991), *citing Butz,* 438 U.S. 478, 512 (1978) ......................9

*Gravel v. United States,*

    408 U.S. 606, 33 L. Ed. 2d 583, 92 S. Ct. 2614 (1972)................................7

*Gutierrez v. Municipal Ct. of S.E. Judicial District,*

    838 F.2d 1031 (9th Cir. 1988)................................................................7

*Hemi Grp., LLC v. City of New York, New York,*

    559 U.S. 1, 130 S. Ct. 983, 175 L. Ed. 2d 943 (2010)................................13

*Holmes v. Sec. Inv'r Protection Corp.,*

    503 U.S. 258, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992)........................10, 13

*Lake Country Estates Inc. v. Tahoe Regional Planning Agency,*

    440 U.S. 391, 99 S. Ct. 1171, 59 L. Ed. 2d 401 (1979)................................7

*Moss v. United States Secret Service,*

    572 F.3d 962 (9th Cir. 2009)................................................................3

*Navarro v. Block,*

    250 F.3d 729 (9th Cir. 2001)................................................................2

*Odom v. Microsoft Corp.,*

    486 F.3d 541 (9th Cir. 2007)................................................................10

*Parks School of Business, Inc. v. Symington,*

    51 F.3d 1480 (9th Cir. 1995)................................................................2

*Rezner v. Bayerische Hypo–Und Vereinsbank AG,*

    630 F.3d 866 (9th Cir. 2010)................................................................11

*Sanford v. MemberWorks, Inc.,*

    625 F.3d 550 (9th Cir. 2010)................................................................14

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 70 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 5 of 23   Page ID
#:2370
#:2422

*Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 105 S. Ct. 3275, 87 L. Ed. 2d* 346
(1985) ........................................................................................................ 10, 13

*Supreme Court of Virginia v. Consumers Union,*
446 U.S. 719, 64 L. Ed. 2d 641, 100 S. Ct. 1967 (1980) ............................ 6

*Tenney v. Brandhove,*
341 U.S. 367, 95 L. Ed. 1019, 71 S. Ct. 783 (1951) ................................... 6

*Thillens, Inc. v. Community Currency Exchange,*
729 F.2d 1128 (7th Cir. 1984) ................................................................... 7

**Statutes**

18 U.S.C.
§ 1961(1) ................................................................................................ 12
§ 1961(4) ................................................................................................ 11
§ 1961(5) ................................................................................................ 12
§ 1962(a) ................................................................................................ 12

**Rules and Regulations**

Fed. R. Civ. P. 12(b)(6) ................................................................................ 2

Local Rule 5-4.3.4(a)(2)(i) ......................................................................... 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 71 of 93   Page ID
#:2468
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 6 of 23   Page ID
#:2371

## I.     INTRODUCTION

Plaintiffs' Second Amended Complaint (SAC), which is almost identical to their First Amended Complaint, is similarly bereft of any factual allegations to support Plaintiffs' convoluted "conspiracy" claims of fraudulent activities related to the passage of Senate Bill 277 (Ch. 35, Stats. 2015, hereafter "SB 277"), California's "mandatory vaccine bill" that went into effect on July 1, 2016.  Plaintiffs contend that select Members of the California Legislature received payments from top drug companies in exchange for their votes for SB 277, and that as a direct result of the enactment of SB 277, Plaintiffs have been deprived of certain constitutional rights. SAC, ¶ 94.  On December 15, 2016, U.S. Magistrate Judge Alicia Rosenberg issued a Report and Recommendation, which clearly delineated the deficiencies in Plaintiffs' pleadings and recommended that the First Amended Complaint be dismissed with prejudice as to the defendants who had appeared in the case.  Docket No. 123. Instead of addressing those deficiencies, Plaintiffs amended their complaint by asserting that the magistrate judge and counsel for the Defendants joined the conspiracy against Plaintiffs. SAC, ¶ 112.

As Plaintiffs' SAC offers nothing but unsupported conclusory allegations and legal conclusions, Legislative Defendants bring this Motion to Dismiss pursuant to the Federal Rules of Civil Procedure, Rule 12(b).  As with their FAC, Plaintiffs' SAC fails to provide any facts that would allow Legislative Defendants to reasonably or

70

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 72 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 7 of 23   Page ID
#:2372

meaningfully respond to Plaintiffs' allegations.  Plaintiffs have not – *and cannot* –

allege any facts to state a claim against Legislative Defendants that would not be

barred by any well-established doctrines of immunity. As any further amendment to

Plaintiffs' complaint would be futile, Legislative Defendants respectfully request that

this Court dismiss Plaintiffs' SAC without leave to amend.

## II.   PLAINTIFFS FAIL TO ALLEGE FACTS TO SUPPORT ANY COGNIZABLE CAUSE OF ACTION AS TO LEGISLATIVE DEFENDANTS.

### A. Standard of Review.

A party may bring a motion to dismiss a complaint for "failure to state a claim

upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion tests the

legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Although a court ruling on such a motion must accept as true facts alleged in the

complaint, it is not required to accept as true conclusory allegations or legal

conclusions. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.

1995); *Davis v. Astrue*, 513 F. Supp. 2d 1137, 1143 (N.D. Cal. 2007). Dismissal of a

challenged claim is appropriate where there is a "lack of a cognizable legal theory or

the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.

Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Although federal pleading standards are not burdensome – Rule 8 requires that

a complaint include only a "short and plain statement of the claim showing that the

1   pleader is entitled to relief" – a plaintiff's obligation "requires more than labels and

2   conclusions, and a formulaic recitation of the elements of a cause of action." *Bell*

3   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 167 L. Ed. 2d 929, 127 S. Ct. 1955

4

5   (2007). While a court must accept as true all factual allegations, threadbare recitals of

6   the elements of a claim, supported by mere conclusory statements, do not suffice. *Id.*

7

8   In other words, a plaintiff must plead more than "an unadorned, the-defendant-

9   unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 173 L. Ed.

10

11   2d 868, 129 S. Ct. 1937 (2009). Thus, in order to survive a motion to dismiss, the non-

12   conclusory "factual content," and reasonable inferences from that content, must be

13

14   plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret*

15   *Service*, 572 F.3d 962, 970 (9th Cir. 2009) (quoting *Ibqual*, 556 U.S. at 679).

16        Furthermore, while a *pro se* complaint is to be liberally construed, a pro se

17

18   litigant bringing suit is not entitled to amend his complaint where it is clear that no

19   amendment can cure the defect. *Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir.

20

21   1995).

22        **B. The Second Amended Complaint alleges no facts that support a claim**
           **against any Legislative Defendant.**

23

24        The SAC is again replete with unsupported allegations that provide no basis to

25   impose liability against any Legislative Defendant. The SAC pleads no allegations

26

27   specific to Defendants Wen-Li Wang and Bruce Wolk.  There is but a single

28

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 74 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 9 of 23   Page ID
#:2374

paragraph in the SAC that pertains to the two spouses of Members of the Legislature that have been named in this action. In that paragraph, Plaintiffs summarily claim that "Defendant legislators' spouses have conspired to aid, abet, encourage, and supported the Defendant legislators in their corrupt and criminal enterprises while receiving the financial benefit of their public officials' corrupt activities." SAC, ¶ 96. The SAC contains no factual allegations revealing what Ms. Wang or Mr. Wolk did in support of the alleged conspiracy. There are no specific facts plead as to any of them.

As to the named Members of the Legislature, Plaintiffs also fail to plead any factual allegations so as to apprise these Defendants what conduct they are alleged to have engaged in that gives rise to Plaintiffs' claims. Plaintiffs' SAC makes a broad, nonspecific claim that the Defendant Members improperly received "bribes" from drug companies in exchange for enacting SB 277. SAC, ¶¶ 81-84. In support of this contention, Plaintiffs' SAC includes various charts and references describing monies that certain Members of the Legislature are alleged to have received from drug companies in 2013-2014. SAC, ¶ 85. Plaintiffs then make the unsupported accusation that these monies were offered by the drug companies and accepted by the Defendant Legislators as a bribe to enact SB 277. SAC, ¶¶ 86-87. Completely absent from the SAC are any factual allegations to support Plaintiffs' bribery accusations. There are no facts connecting any Member to the improper receipt of financial contributions.

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 75 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 10 of 23   Page ID
#:2375

Furthermore, with regard to counsel for Legislative Defendants, Deputy Legislative Counsel Cara Jenkins, Plaintiffs allege that Ms. Jenkins, by performing her duties associated with litigating this matter, has joined the conspiracy of the other named defendants by "joining their efforts to corruptly influence the outcome of the December 13, 2016 hearing to create illegitimate claims against Plaintiffs' law arguments by placing on the court record invalid evidence that Plaintiffs' complaint was somehow deficient requiring dismissal." SAC, ¶ 112.  Again, Plaintiffs fail to provide any facts that would support the expansion of Plaintiffs' allegations of conspiracy.

Accordingly, Plaintiffs' "factual allegations" lack the requisite particularity to state a cause of action as to the Legislative Defendants.  Plaintiffs' vague allegations leave the Legislative Defendants to guess, with no guidance, what each is alleged to have done, and how exactly Plaintiffs were harmed. Insofar as the SAC fails to provide clear allegations showing facts as to the Legislative Defendants that give rise to liability under any cause of action, it would be unreasonable and contrary to Rule 8's "short and plain statement" requirements to require the Legislative Defendants to defend against Plaintiffs' action.

**C. Plaintiffs' Second Amended Complaint should be dismissed without leave to amend because Legislative Defendants are immune from suit in this matter.**

U.S. Magistrate Judge Rosenberg found that Plaintiffs' claims are barred by

74

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 76 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 11 of 23   Page ID
#:2376

1    clearly established doctrines of immunity, and recommended that "the complaint be

2    dismissed against the named defendant[s] with prejudice." Report and

3
4    Recommendation, Docket No. 123.  Despite this, Plaintiffs' SAC names the same

5    Defendants, and includes the Magistrate Judge and the three government attorneys

6
7    representing the Defendants, who are also immune from suit.

8        *1.  The doctrine of legislative immunity bars any claim as to the actions of
9             the Members of the Legislature relating to legislation.*

10        Members of the State Legislature have complete immunity from civil liability

11
12   for acts or omissions occurring within the sphere of their legislative activities.  *Tenney*

13   *v. Brandhove*, 341 U.S. 367, 95 L. Ed. 1019, 71 S. Ct. 783 (1951) (hereafter *Tenney*).

14        "The privilege of legislators to be free from arrest or civil process for what they

15
16   do or say in legislative proceedings has taproots in the Parliamentary struggles of the

17   Sixteenth and Seventeenth Centuries." *Tenney*, *supra*, 341 U.S. at p. 372. In *Tenney*,

18
19   the plaintiff sued members of a committee of the California Legislature, among others,

20   under federal civil rights statutes claiming damages resulting from statements made

21   about him at a committee hearing.  The United States Supreme Court concluded that

22
23   federal civil rights statutes did not alter the longstanding tradition of immunity from

24   civil liability of legislators for conduct within the sphere of legislative activity. *Id.*, at

25
26   p. 376; *see also Bogan v. Scott-Harris*, 523 U.S. 44, 49, 140 L. Ed. 2d 79, 118 S. Ct.

27   966 (1998); *Supreme Court of Va. v. Consumers Union*, 446 U.S. 719, 731-734, 64 L.

28

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 77 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 12 of 23   Page ID
#:2377

Ed. 2d 641, 100 S. Ct. 1967 (1980); *Lake Country Estates Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 99 S. Ct. 1171, 59 L. Ed. 2d 401 (1979); *Gutierrez v. Mun. Ct. of S.E. Judicial Dist.*, 838 F.2d 1031, 1046 (9th Cir. 1988).

This immunity applies to activities within "a field where legislators traditionally have power to act." *Tenney, supra*, 341 U.S. at 379. This includes acts that are "an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to matters which the Constitution places within the jurisdiction of either House." *Gravel v. United States*, 408 U.S. 606, 625, 33 L. Ed. 2d 583, 92 S. Ct. 2614 (1972).

Legislative immunity has been held to apply even to civil actions charging illegal activity −such as the taking of bribes − by legislators within the sphere of legislative activity, since the proof of the illegal act would necessarily involve delving into matters, including motive or purposes, underlying the legislative act. See *Thillens, Inc. v. Community Currency Exchange*, 729 F.2d 1128, 1131 (7th Cir. 1984). Importantly, the immunity of a legislator for legislative acts applies to the very claims brought by Plaintiffs: civil RICO claims based on bribery. *Chappell v. Robbins*, 73 F.3d 918, 921 (9th Cir. 1996). In *Chappell v. Robbins*, purchasers of insurance brought a civil RICO action against a former Member of the California Legislature. The plaintiffs claimed that they were forced to pay excessive premiums because of a bill

76

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 78 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 124-1   Filed 08/14/17   Page 13 of 23   Page ID
#:2378
#:2470

that was enacted by the Legislature as a result of activities of the former Member, who, in fact, admitted to accepting bribes from insurance industry executives. The Ninth Circuit Court of Appeals held that the legislative privilege precluded the plaintiffs' RICO claim based on bribery, as the alleged harm was not caused by the bribery, but rather by the passage of a bill pursuant to protected activity. *Id.*, at pp. 921-922.

In the case at issue, Plaintiffs similarly allege that they have been deprived of certain constitutional rights because SB 277 was enacted as a result of the efforts of certain Members of the Legislature made in exchange for "bribes" received from drug companies. As in *Chappell*, however, any harm to Plaintiffs was not the result of the alleged bribery and conspiracy scheme, but would have resulted from passage of SB 277. Thus, to the extent that the actions of the Members of the Legislature in enacting SB 277 caused Plaintiffs harm, those actions would necessarily be official actions occurring within the sphere of the Members' official legislative activities. Plaintiffs' SAC, therefore, cannot be amended to allege any claim arising from Defendant Members' actions in enacting SB 277 because the Members are absolutely protected by legislative immunity from liability stemming from such legislative activities. Accordingly, Plaintiffs' SAC should be dismissed for failure to state a claim, and leave to amend should be denied because no claim can be stated that would not be covered by legislative immunity.

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 79 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 14 of 23   Page ID
#:2379
#:2470

### 2. *Plaintiffs' claims against government attorneys are barred by absolute immunity.*

In Plaintiffs' SAC, Plaintiffs named counsel for the Defendants, Deputy Attorney Generals Jonathan E. Rich and Jacquelyn Y. Young, and Deputy Legislative Counsel Cara L. Jenkins as defendants. Plaintiffs' only basis for naming the government attorneys as defendants is the attorneys' representation of their respective defendants in this matter.

A government attorney representing a party in a civil action has absolute immunity from any claim for damages "to assure that . . . advocates . . . can perform their respective functions without harassment or intimidation." *Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991), citing *Butz*, 438 U.S. 478, 512 (1978). Because of "the similarity of functions of government attorneys in civil, criminal and agency proceedings, and the numerous checks on abuses of authority inherent in the judicial process . . . [t]he reasons supporting the doctrine of absolute immunity apply with equal force regardless of the nature of the underlying action." *Fry*, 939 F.2d at 837, quoting *Flood v. Harrington*, 532 F.2d 1248, 1251 (9th Cir. 1976). Absolute immunity attaches so long as "the government attorney is performing acts 'intimately associated with the judicial phase' of the litigation." *Fry v. Melaragno*, 939 F.2d 832, 837; *accord, Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

Case 2:16-cv-05224-SVW-AGR  Document 142  Filed 09/15/17  Page 80 of 93  Page ID
Case 2:16-cv-05224-SVW-AGR  Document 140-1  Filed 08/14/17  Page 15 of 23  Page ID
#:2380

Plaintiffs allege that in the course of representing their respective parties in this civil action, counsel for Defendants joined the overall conspiracy upon which this action to "corruptly influence the outcome of the December 13, 2016 hearing to create illegitimate legal claims against Plaintiffs' law arguments by placing on the court record invalid evidence that Plaintiffs' complaint was somehow deficient requiring dismissal." SAC, ¶ 112.  To the contrary, in defending their clients, the government attorneys were performing acts associated with the judicial phase of the litigation. As such, any claims asserted by Plaintiffs are barred by absolute immunity, and should be dismissed with prejudice.

### 3.  *Plaintiffs' RICO claims fail as a matter of law.*

Even if Plaintiffs' SAC were not barred by the doctrines of legislative immunity and absolute immunity, it would nevertheless warrant dismissal under Rule 12(b)(6), as Plaintiffs' RICO claims fail as a matter of law.

To establish a civil claim under RICO, a plaintiff must allege " '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.' " *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 3285, 87 L. Ed. 2d 346 (1985)). The plaintiff must also establish the defendant's RICO violation proximately caused his or her injury. *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 265, 112 S. Ct. 1311, 1316, 117 L. Ed. 2d 532 (1992); *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir.

2008); see also *Rezner v. Bayerische Hypo–Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010).

    a. *The SAC fails to allege facts establishing the existence of an enterprise.*

"To show the existence of an enterprise…, plaintiffs must plead that the enterprise has (A) a common purpose, (B) a structure or organization, and (C) longevity necessary to accomplish the purpose." *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (citing *Boyle v. United States*, 556 U.S. 938, 946, 129 S. Ct. 2237, 173 L. Ed. 2d 1265 (2009)); see also 18 U.S.C. § 1961(4) (defining "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity").

Here, the SAC alleges no facts that establish the existence of an enterprise. Instead, the SAC provides conclusory statements, such as "Defendants and Co-conspirators formed an association-in-fact for the specific purpose of obstructing justice and extorting the constitutional rights of Plaintiffs and others similarly situated;" and "this association in fact, was an enterprise within the meaning of RICO, 18 U.S.C. § 1961(4)." SAC, ¶¶ 106, 107, 128. However, alleging the existence of an enterprise is not the same as pleading facts that show its existence. The SAC fails to provide any details regarding the structure or organization of the alleged enterprise and, thus, does not plead sufficient facts to establish this element of a RICO claim.

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 82 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 124-1   Filed 08/14/17   Page 17 of 23   Page ID
#:2382

  *b. The SAC does not establish a pattern of racketeering activity.*

  The SAC also fails to allege facts showing a "pattern of racketeering activity." For civil liability to result from a substantive violation of RICO, a defendant must be shown to have engaged in a "pattern of racketeering activity." 18 U.S.C. §§ 1962(a), (b), and (c). "Racketeering activity" is defined as the commission of various state and federal offenses enumerated in 18 U.S.C. § 1961(1), such as mail fraud, wire fraud, drug trafficking, murder, arson, gambling, bribery, extortion, or embezzlement. To sustain a RICO claim, at least one of these offenses must involve a pattern. These acts are called "predicate acts" of racketeering. A "pattern of racketeering activity" requires at least two related acts of racketeering activity within a ten-year period. 18 U.S.C. § 1961(5).

  Here, the SAC is devoid of any factual allegations establishing a "pattern of racketeering activity." Although it appears that Plaintiffs are alleging the RICO predicate acts of bribery and extortion, as discussed at length throughout this memorandum, Plaintiffs have failed to allege any facts supporting their conclusory allegations of bribery and extortion.

///

///

///

///

81

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 83 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 18 of 23   Page ID
#:2383

     *c. The SAC fails to establish that Plaintiffs suffered an injury from the alleged predicate acts.*

     To have standing to sue under RICO, a plaintiff must allege that (1) he or she suffered an injury to business or property and that (2) defendant's RICO predicate acts were the cause of the injury. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 495-97 (1985) (plaintiff has standing only to the extent he has been injured "by the conduct constituting the [RICO] violation"). The alleged RICO violations must be the "proximate cause" that "led directly to" the plaintiff's injury. *Holmes*, 112 S. Ct. at 1317-18; *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 460-61 (2006); *Hemi Grp., LLC v. City of N.Y., N.Y.*, 559 U.S. 1, 130 S. Ct. 983, 175 L. Ed. 2d 943 (2010). Proximate cause requires "some direct relation between the injury asserted and the injurious conduct alleged." *Holmes*, 112 S. Ct. at 1316. "A link that is too remote, purely contingent, or indirect is insufficient." *Hemi Grp.*, 130 S. Ct. at 989.

     Plaintiffs' generalized allegations of injury are insufficient to meet this standard. Plaintiffs allege that they have "lost a substantial amount of their time, money, labor and constitutional freedoms" and that they have "been injured in their business and property in accordance with U.S.C. § 1962(a)(c)(d) [sic] as a direct and proximate result of the racketeering activities of Defendants..." SAC, ¶¶ 120, 136. These conclusory statements provide no insight as to exactly how Plaintiffs have been injured. As such, Plaintiffs have failed to properly plead a RICO injury to business or

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 84 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 19 of 23   Page ID
#:2384

property. Furthermore, Plaintiffs appear to blame their alleged injuries to business and property on Legislative Defendants' allegedly unlawful activities, but the SAC contains no allegation showing a "direct causal link" between the alleged predicate acts and such injuries.

To summarize, Plaintiffs' SAC contains no factual allegations establishing (1) an enterprise; (2) a pattern of racketeering activity; or (3) an identifiable injury to Plaintiffs. As such, Plaintiffs fail, as a matter of law, to state facts sufficient to state a RICO claim. And because the SAC lacks allegations of a cognizable RICO violation, Plaintiffs' claims of conspiracy to violate RICO also fail, as a matter of law. See *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 559 (9th Cir. 2010).

## III.    CONCLUSION

As established by the U.S. Magistrate Judge, because Plaintiffs' alleged injury results from the passage of SB 277, Plaintiffs cannot state a claim upon which relief can be granted because the conduct that caused their injuries is legislative and therefore immune. Even if Plaintiffs' Complaint were not barred by doctrines of immunity, the Court should deny leave to amend because such leave would be futile. Accordingly, the Legislative Defendants respectfully request this Court to grant the Motion to Dismiss without leave to amend.

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filers of this document attest that all

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 85 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 20 of 23   Page ID
#:2385

1  signatories listed on whose behalf the filing is submitted concur in the content and

2  have authorized the filing.

3

4

5

6  Dated: August 14, 2017

Respectfully submitted,
DIANE F. BOYER-VINE
Legislative Counsel

By:  /s/ Cara L. Jenkins
CARA L. JENKINS
Deputy Legislative Counsel
Attorneys for Legislative Defendants


DIANE F. BOYER-VINE
Legislative Counsel

By:  /s/ Robert A. Pratt
Robert A. Pratt
Principal Deputy Legislative Counsel
Attorneys for Defendant Deputy Legislative
Counsel Cara L. Jenkins

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

84

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 86 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 21 of 23   Page ID
#:2386

## CERTIFICATE OF SERVICE

Case Name: Middleton et al. v. Pan et al.

Case Number: 2:16-cv-05224-SVW-AGR

I hereby certify that on **August 14, 2017**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **NOTICE OF LEGISLATIVE DEFENDANTS' MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**
- **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEGISLATIVE DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**
- **[PROPOSED] ORDER GRANTING LEGISLATIVE DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. On **August 14, 2017**, I caused to be delivered the foregoing document(s) via email to Plaintiff Travis Middleton at the email address Travis_m_93101@yahoo.com, and by FedEx overnight courier to the non-CM/ECF participants listed on the attached service list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **August 14, 2017**, at Sacramento, California.

| | |
|---|---|
| _Cara L. Jenkins_ | _/s/ Cara L. Jenkins_ |
| Declarant | Signature |

85

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 87 of 93   Page ID
#:4140
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 22 of 23   Page ID
#:2387

SERVICE LIST

Travis Middleton
27 West Anapamu Street, No. 153
Santa Barbara, CA 93101

Eric Durak
133 Campo Vista Drive
Santa Barbara, CA 93111

Jade Baxter
207 West Victoria Street
Santa Barbara, CA 93101

Julianna Pearce
28780 My Way
Oneals, CA 93645

Candyce Estave
430 East Rose Avenue
Santa Maria, CA 93454

Denise Michelle Derusha
7125 Santa Ysabel, Apt. 1
Atascadero, CA 93422

Melissa Christou
1522 Knoll Circle Drive
Santa Barbara, CA 93101

Andrea Lewis
1331 Santa Barbara Street, No. 10
Santa Barbara, CA 93101

Rachil Vincent
4320 Viua Presada
Santa Barbara, CA 93110

Jessica Haas
2715 Verde Vista
Santa Barbara, CA 93105

Don Demanlevesde
618 West Ortega
Santa Barbara, CA 93101

Anwanur Gielow
390 Park Street
Buelton, CA 93427

Paige Murphy
2230 Memory Lane
West Lake Village, CA 91361

JuliaAnne Whitney
55 Chrestview Lane
Montecito, CA 93108

Lori Strantz
120 Barranca No. B
Santa Barbara, CA 93109

Bret Nielsen
2230 Memory Lane
West Lake Village, CA 91361

Lisa Ostendorf
5459 Place Court
Santa Barbara, CA 93111

Murid Rosensweet
2230 Memory Lane
West Lake Village, CA 91361

86

Case 2:16-cv-05224-SVW-AGR   Document 142   Filed 09/15/17   Page 88 of 93   Page ID
Case 2:16-cv-05224-SVW-AGR   Document 140-1   Filed 08/14/17   Page 23 of 23   Page ID
#:2388
#:2486

1   Alice Tropper                    Brent Haas
    1805 Mountain Avenue             2715 Verde Vista
2   Santa Barbara, CA 93101          Santa Barbara, CA 93105
3
    Marina Read
4   322 Pebble Beach Drive
5   Goleta, CA 93117
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

87

Plaintiffs' Notice of Important Security - Obstruction of Justice - filed late due to 18 U.S.C. 12(b)(6), 12(b)(i), UCC 1-207 5/3(a) 1502

1  DIANE F. BOYER-VINE (SBN: 124182)
   Legislative Counsel
2  ROBERT A. PRATT (SBN: 137704)
3  Principal Deputy Legislative Counsel
   CARA L. JENKINS (SBN: 271432)
4  Deputy Legislative Counsel
   Office of Legislative Counsel
5  925 L Street, Suite 700
6  Sacramento, California  95814
   Telephone: (916) 341-8000
7  E-mail: robert.pratt@lc.ca.gov
   E-mail: cara.jenkins@lc.ca.gov
8

9  Attorneys for Legislative Defendants

10

11           UNITED STATES DISTRICT COURT

12       FOR THE CENTRAL DISTRICT OF CALIFORNIA

13              WESTERN DIVISION

14

15  Travis Middleton, et al.,        )  Case No. 2:16-cv-05224-SVW-AGR
                                      )
16          Plaintiffs,               )  [PROPOSED] ORDER GRANTING
                                      )  LEGISLATIVE DEFENDANTS'
17                                    )  MOTION TO DISMISS
18  v.                               )  PLAINTIFFS' SECOND AMENDED
                                      )  COMPLAINT
19  Richard Pan, et al.,             )
                                      )
20          Defendants.              )  Date:  September 11, 2017
                                      )  Time:  1:30 p.m.
21                                    )
22                                    )  Courtroom 10A, Tenth Floor
                                      )  Hon. Stephen V. Wilson
23                                    )
                                      )
24                                    )

25

26

27

28

89

1    The Motion to Dismiss the First Amended Complaint filed by Defendants

2    Assembly Member Catharine Baker, Assembly Member Richard Bloom, Assembly

3

4    Member David Chiu, Assembly Member Jim Cooper, Assembly Member Cristina

5    Garcia (erroneously sued as Christina Garcia), Assembly Member Lorena Gonzalez,

6

7    Assembly Member Reginald Jones-Sawyer, Assembly Member Evan Low, Assembly

8    Member Adrin Nazarian, Assembly Member Bill Quirk, Assembly Member Anthony

9

10   Rendon, Assembly Member Mark Stone, Assembly Member Jim Wood, Senator Ben

11   Allen, Senator Jim Beall, Senator Marty Block, Senator Kevin de Leon, Senator

12   Robert Hertzberg, Senator Mark Leno, Senator Isadore Hall, Senator Jerry Hill,

13

14   Senator Hannah-Beth Jackson, Senator Mike McGuire, Senator Holly Mitchell,

15   Senator Richard Pan, Senator Jeff Stone, Senator Bob Wieckowski, Senator Lois

16

17   Wolk, Wen-Li Wang (erroneously sued as Win-Li Wang), Bruce Wolk, and Deputy

18   Legislative Counsel Cara L. Jenkins (collectively "Legislative Defendants") in this

19

20   matter came on for hearing before this Court on September 11, 2017.

21        Having considered the moving and opposition papers, arguments, and all other

22   matters presented to the Court, the Court finds that Plaintiffs have failed to state a

23

24   claim upon which relief can be granted.

25   ///

26
     ///
27

28

89

1    IT IS HEREBY ORDERED that Legislative Defendants' Motion to Dismiss is

2  GRANTED. The Second Amended Complaint in this case is ordered dismissed with

3  prejudice as to the Legislative Defendants.

4

5

6  Dated: _____      _____

7                                       Honorable Stephen V. Wilson

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*90*

CERTIFICATE OF SERVICE

This is to certify that I have on this 14th day of September, 2017 placed a true and correct copy of the:

APPLICANT PARTIES INJURED / PLAINTIFFS' REFUSAL FOR FRAUD OF The "MOTIONS TO DISMISS" filed by the Attorneys in assigned Case Incorporated No. 2:16-cv-05224-SVW-AGR at the below address, or by depositing the same in the U.S. Mails, to DIANE F. BOYER-VINE (SBN: 124182) Legislative Counsel, ROBERT A. PRATT (SBN: 137704) Principal Deputy Legislative Counsel CARA L. JENKINS (SBN: 271432) Deputy Legislative Counsel Office of Legislative Counsel 925 L Street, Suite 700 Sacramento, California 95814 Telephone: (916) 341-8245 E-mail: cara.jenkins@lc.ca.gov, Attorneys for Defendants Assembly Member Catharine Baker, Assembly Member Richard Bloom, Assembly Member David Chiu, Assembly Member Jim Cooper, Assembly Member Cristina Garcia, Assembly Member Lorena Gonzalez, Assembly Member Reginald Jones-Sawyer, Assembly Member Evan Low, Assembly Member Adrin Nazarian, Assembly Member Bill Quirk, Assembly Member Anthony Rendon, Assembly Member Mark Stone, Assembly Member Jim Wood, Senator Ben Allen, Senator Jim Beall, Senator Marty Block, Senator Kevin de Leon, Senator Robert Hertzberg, Senator Mark Leno, Senator Isadore Hall, Senator Jerry Hill, Senator Hannah-Beth Jackson, Senator Mike McGuire, Senator Holly Mitchell, Senator Richard Pan, Senator Jeff Stone, Senator Bob Wieckowski, Senator Lois Wolk;

To: KAMALA D. HARRIS Attorney General of California, RICHARD T. WALDOW ELIZABETH S. ANGRES, Supervising Deputy Attorneys General; JONATHAN E. RICH (SBN 187386), ELIZABETH G. O'DONNELL (SBN 162453), JACQUELYN Y. YOUNG (SBN 306094), Deputy Attorneys General, 300 South Spring Street, Suite 1702, Los Angeles, CA 90013 Telephone: (213) 897-2439 Fax: (213) 897-2805, E-mail: Jonathan.Rich@doj.ca.gov Attorneys for Defendants Governor Edmund G. Brown, Jr., Jonathan Rich, Jacquelyn Y. Young and the State of California.

AND; To: Marine Pogosyan, Clerk to Defendant Magistrate Judge Alicia G. Rosenberg, United States District Court Central District of California 312 North Spring Street Los Angeles, California 90 012. **Certified Mail No.: 70161370000130208034.**

I declare under penalty of perjury that the above is true and correct.

*Travis Middleton*
Travis Middleton

27 West Anapamu St. #153
Santa Barbara, California [93101]

91
- ⬤

Violation of federal law. This packaging is not for resale. EP14 © U.S. Postal Service; July 2013. All rights reserved.

PRIORITY MAIL
POSTAGE REQUIRED

U.S. POSTAGE
GOLETA, CA
AMOUNT
$13.90
R2304N1179S8-12
90012

CERTIFIED MAIL

7016 1370 0001 3020 8031

RETURN RECEIPT
REQUESTED

DO NOT BEND

UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

PRIORITY MAIL

FROM:
Travis Middleton
c/o 27 West Anapamu #153
Santa Barbara, California [93101]

DO NOT BEND

TO:
U.S. District Court Clerk
Central District of California
312 North Spring Street Rm G-8
Los Angeles, CA 90012

RECEIVED
CLERK, U.S. DISTRICT COURT
SEP 15 2017
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

FOR DOMESTIC AND INTERNATIONAL USE

Label 228, March 2016

RETURN RECEIPT
REQUESTED

PRIORITY MAIL

DATE OF DELIVER
USPS TRACKING™
INSURANCE INCLU
PICKUP AVAILABL
* Domestic only

WHEN USED INTERNATIONAL
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

PRESS FIRMLY TO S

ESS FIRMLY TO SEAL