1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  TRAVIS MIDDLETON, et al.,              )    NO. CV 16-5224-SVW (AGR)

12          Plaintiffs,                    )

13          v.                             )

14  RICHARD PAN, et al.,                   )    REPORT AND
                                           )    RECOMMENDATION OF UNITED
15          Defendants.                    )    STATES MAGISTRATE JUDGE

16                                         )

17  _____ )

18

19          The court submits this Report and Recommendation to the Honorable

20  Stephen V. Wilson, United States District Judge, pursuant to 28 U.S.C. § 636 and

21  General Order No. 05-07 of the United States District Court for the Central District

22  of California.  For the reasons set forth below, the magistrate judge recommends

23  that the Defendants' motions to dismiss be granted and that the Second

24  Amended Complaint be dismissed with prejudice.

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.**

**SUMMARY OF PROCEEDINGS**

On July 13, 2017, the Court dismissed the claims in Plaintiffs' First Amended Complaint with leave to amend.  (Dkt. No. 135.)

Plaintiffs Travis Middleton, Eric Durak, Jade Baxter, Julianna Pearce, Candyce Estave, Denise Michele Derusha, Melissa Christou, Andrea Lewis, Rachil Vincent, Don Demanlevesde, Jessica Haas, Paige Murphy, Lori Strantz, Anwanur Gielow, Lisa Ostendorf, JuliaAnne Whitney, Alice Tropper, Bret Nielsen, Brent Haas, Muriel Rosensweet and Marina Read, proceeding *pro se*, filed a Second Amended Complaint ("SAC").[1]

The SAC names two categories of defendants that were previously named in the FAC:[2]  (1) Legislative Defendants Richard Pan, Win-Li Wang, Martin Jeffrey "Marty" Block, Gerald A. "Jerry" Hill, Holly Mitchell, Catharine Baker, Christina Garcia, Adrin Nazarian, Jim Wood, Ben Allen, Kevin de Leon, Hannah-Beth Jackson, Jeff Stone, Richard Bloom, Bill Quirk, Lorena Gonzalez, Reginald Jones-Sawyer, Isadore Hall, Mark Leno, Bob Wieckowski, David Chiu, Evan Low, Anthony Rendon, Jim Beall, Robert Hertzberg, Mike McGuire, Lois Wolk, Bruce Wolk, Jim Cooper and Mark Stone; and (2) State Defendants Governor Brown, Ann Gust and the State of California.

---

[1]  Five plaintiffs filed notices of voluntary dismissal.  (Dkt. No. 20 (Andy Taft); Dkt. No. 71 (Jackie Kozak); Dkt. No. 73 (Pam Corner); Dkt. No. 74 (Christie Macias); Dkt. No. 93 (Jodie Tiserrand).)

[2]  The following defendants were dismissed from the action on July 13, 2017:  Dan Baker, Robbie Black, Robbie Block, Cindy Block, Candace Chen, Kristen Cooper, George Eskin, Sky Hill, Douglas Jackson, Annie Lam, Sue Lemke, Kevin McCarthy, Judy McCarthy, Erika McGuire, Diana Nazarian, Laura L. Quirk, Kathy Stone, Jane Wood, and Pat or Pak Lafkas.  (Dkt. No. 135.)

1     The SAC also names Attorney Defendants Cara L. Jenkins (counsel for

2     Legislative Defendants), and Jonathan E. Rich and Jacqueline Y. Young (counsel

3     for State Defendants).[3]

4     On August 10, 2017, the State Defendants, including Rich and Young, filed

5     a motion to dismiss the SAC.  (Dkt. No. 138.)  On August 14, 2017, the

6     Legislative Defendants and Jenkins moved to dismiss the SAC.  (Dkt. No. 140.)

7     On September 15, 2017, Plaintiffs filed document entitled "Refusal for Fraud"

8     (Dkt. No. 142), which the Court construed as an opposition to both motions.  On

9     September 28, 2017, the State Defendants and counsel filed a Reply.  (Dkt. No.

10    146.)  The matters were taken under submission.

11                                              **II.**

12                           **SECOND AMENDED COMPLAINT**

13    Plaintiffs are parents of "unvaccinated or partially vaccinated offspring."

14    (SAC ¶ 116.)  They object to California's Senate Bill ("SB") 277, which repealed

15    the personal belief exemption ("PBE") to California's immunization requirements

16    for children entering public and private educational and child care facilities in

17    California.

18    **A.  SB 277**

19    In enacting SB 277, the California Legislature declared that its intent was to

20    provide a "means for the eventual achievement of total immunization of

21    appropriate age groups against the following childhood diseases:

22         (1)  Diphtheria.

23         (2)  Hepatitis B.

24         (3)  Haemophilus infuenzae type b.

25         (4)  Measles.

26         (5)  Mumps.

27    _____

28         [3] Plaintiff's claims against the magistrate judge were dismissed by Order
      dated December 7, 2017.  (Dkt. No. 150.)

1        (6)  Pertussis (whooping cough).

2        (7)  Poliomyelitis.

3        (8)  Rubella.

4        (9)  Tetanus.

5        (10) Varicella (chickenpox)."

Cal. Health & Safety Code § 120325(a)(1)-(10).  Under the current version of the law, a student who had a PBE on file before January 1, 2016 is allowed enrollment until the student enrolls in the next "grade span" as defined in the statute.  Cal. Health & Safety Code § 120335(g).  First time enrollees and students entering the 7th Grade are no longer allowed admission unless they have complied with the vaccination requirements.  *Id.* § 120335(g)(3).

SB 277 provides for three exemptions to the vaccination requirements:  (1) students who have on file "a written statement by a licensed physician to the effect that the physical condition of the child is such, or medical circumstances relating to the child are such, that immunization is not considered safe, indicating the specific nature and probable duration of the medical condition or circumstances, including, but not limited to, family medical history, for which the physician does not recommend immunization," *Id.* § 120370(a); (2) students who are in a home-based private school or enrolled in an independent study program and do not receive classroom-based instruction, *Id.* § 120335(f); and (3) students who qualify for an individualized education program, *Id.* § 120335(h).

The SAC attaches Governor Brown's transmittal dated June 30, 2015 (Exh. A to SAC), as well as documents on constituent materials in vaccines (Exhs. B-F) and a draft paper by Dr. William E. Thompson concerning the relationship between the MMR vaccine and autism (Exh. G).

**B.  Allegations**

Plaintiffs allege that immunizations contain a "toxic list of ingredients" including aluminum, formaldehyde and mercury thimerosol.  (SAC at 5-10 &

4

1  Exhs. B-F.)  Defendants have removed "the ability of parents to invoke their
2  natural rights of self-preservation and or opt out of this criminal assault on their
3  children's lives by being coerced, intimidated, and forced into compliance under
4  this dark cloud of medical and political tyranny."  (*Id.* at 12.)

5     Plaintiffs allege nine claims:  (1) violation of RICO (Racketeering Influenced
6  and Corrupt Organizations Act) claim under 18 U.S.C. § 1961; (2) violation of
7  RICO under 18 U.S.C. § 1962(a), (d); (3) conspiracy to promote the sale and use
8  of biological weapons on California citizens in violation of 18 U.S.C. § 175; (4)
9  conspiracy to promote the sale and use of chemical weapons on California
10  citizens in violation of 18 U.S.C. § 178; (5) violation of 18 U.S.C. § 241; (6)
11  violation of 18 U.S.C. § 242; (7) violation of 42 U.S.C. § 1983; (8) violation of 42
12  U.S.C. § 1986; and (9) intentional infliction of emotional distress.  The seventh
13  and eighth claims are brought against the Legislative Defendants and the
14  Attorney Defendants.  (SAC at 57, 65.)  The remaining claims are brought against
15  all Defendants. In addition to their enumerated claims, Plaintiffs reference the
16  Hobbs Act, 18 U.S.C. § 1503, "extortion of liberty under color of official right"
17  under § 1951, and claims under *Bivens v. Six Unknown Agents of Federal*
18  *Bureau of Narcotics*, 403 U.S. 388 (1971).  (*Id.* at 1; *see also id.* ¶ 91.)  Plaintiffs
19  seek damages, declaratory judgment and an injunction against enforcement of
20  SB 277 as well as other injunctive relief

21                                          **III.**
22                                  **DISCUSSION**
23     **A.    Fed. R. Civ. P. 12(b)(6)**

24     "To survive a motion to dismiss, a complaint must contain sufficient factual
25  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
26  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "A claim has facial
27  plausibility when the plaintiff pleads factual content that allows the court to draw
28  the reasonable inference that the defendant is liable for the misconduct alleged.

1   The plausibility standard is not akin to a 'probability requirement,' but it asks for

2   more than a sheer possibility that a defendant has acted unlawfully.  Where a

3   complaint pleads facts that are 'merely consistent with' a defendant's liability, it

4   'stops short of the line between possibility and plausibility of "entitlement to

5   relief."'"  *Id.* (citations omitted).

6        [T]he tenet that a court must accept as true all of the allegations contained

7   in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the

8   elements of a cause of action, supported by mere conclusory statements, do not

9   suffice.  *Id.* at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "In

10  sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual

11  content,' and reasonable inferences from that content, must be plausibly

12  suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*,

13  572 F.3d 962, 969 (9th Cir. 2009) (citation omitted).

14       As a general rule, the court must limit its review to the operative complaint.

15  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Materials that

16  are the subject of judicial notice and materials submitted as part of the complaint

17  are not "outside" the complaint and may be considered.  *Id.*; *Hal Roach Studios,*

18  *Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

19  Even if documents are not physically attached to the complaint, they may be

20  considered if their authenticity is uncontested and the complaint necessarily relies

21  on them.  *Lee,* 250 F.3d at 688.

22       A *pro se* complaint is to be liberally construed.  *Erickson v. Pardus*, 551

23  U.S. 89, 94 (2007) (per curiam).  Before dismissing a *pro se* civil rights complaint

24  for failure to state a claim, the plaintiff should be given a statement of the

25  complaint's deficiencies and an opportunity to cure them unless it is clear the

26  deficiencies cannot be cured by amendment.  *Eldridge v. Block*, 832 F.2d 1132,

27  1135-36 (9th Cir. 1987).  Nevertheless, "[u]nder Ninth Circuit case law, district

28  courts are only required to grant leave to amend if a complaint can possibly be

6

1    saved.  Courts are not required to grant leave to amend if a complaint lacks merit

2    entirely."  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

3        **B.  Immunity**

4            **1.  Legislative Immunity**

5           The claims in the SAC clearly seek to impose liability on the Legislative

6    Defendants and Governor Brown for introducing, sponsoring, voting for, and

7    persuading others to vote for or signing into law SB 277.

8           As the Court explained in its previous Report and Recommendation (Dkt.

9    No. 123 at 6-8), "federal, state, and regional legislators are entitled to absolute

10   immunity from civil liability for their legislative activities."  *Bogan v. Scott-Harris*,

11   523 U.S. 44, 46 (1998) (§ 1983 action); *Chappell v. Robbins*, 73 F.3d 918, 920,

12   924 (9th Cir. 1996) (civil RICO).  Legislative immunity is parallel to the immunity

13   provided by the Speech or Debate Clause in the United States Constitution.[4]  *Id.*

14   at 920.

15          "Whether an act is legislative turns on the nature of the act, rather than on

16   the motive or intent of the official performing it."  *Bogan*, 523 U.S. at 54.

17   Allegations that legislators had improper purposes or motives do not destroy

18   legislative immunity.  *Id.*; *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951);

19   *Chappell*, 73 F.3d at 921 (legislative immunity applies despite allegation that

20   legislator sponsored and pushed legislation because he received bribes).

21          The acts of introducing, voting for, persuading colleagues to vote for, and

22   signing legislation constitutes legislative activities entitled to absolute immunity.

23   *Bogan*, 523 U.S. at 46, 55-56 (immunity applies regardless of whether officials

24   are members of legislative or executive branch)

25   _____

26       [4]  The Speech or Debate Clause of the United States Constitution provides
     in pertinent part that senators and representatives are privileged "for any Speech

27   or Debate in either House."  Art. I, § 6, Cl. 1; *Scheuer v. Rhodes*, 416 U.S. 232,
     240 (1974) ("The Federal Constitution grants absolute immunity to Members of

28   both Houses of the Congress with respect to any speech, debate, vote, report, or
     action done in session.").

1    Legislative immunity applies to actions for damages and injunctive relief.

2    *Supreme Court of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 732-

3    33 (1980); *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012) (§

4    1983).  Legislative immunity also applies to California state law claims.  *Id.* at

5    1138-39 (claims based on California Constitution).

6    Plaintiffs' injury results from passage of the legislation.  Plaintiffs cannot a

7    state a claim upon which relief could be granted because the conduct that caused

8    their injuries is legislative and therefore immune.  *See Chappell*, 73 F.3d at 921.

9    It is recommended that Plaintiffs' individual capacity claims against the Legislative

10   Defendants and Governor Brown be dismissed with prejudice.

11                    **2. Eleventh Amendment Immunity**

12   The SAC repeats the FAC's claims against the State Defendants and adds

13   claims under 18 U.S.C. §§ 175, 178, 241 and 242.[5]  As the Court previously

14   explained (Dkt. No. 123 at 8-9), the Eleventh Amendment bars suits in federal

15   court for damages or injunctive relief against California.  *Papasan v. Allain*, 478

16   U.S. 265, 276 (1986); *Ass'n des Eleveurs de Canards et d'Oies du Quebec v.*

17   *Harris*, 729 F.3d 937, 943 (9th Cir. 2013).

18   The Eleventh Amendment also bars suits for damages against Governor

19   Brown in his official capacity.  Prospective injunctive relief for federal claims is

20   available against a state official under the *Ex Parte Young* exception where the

21   official has "some connection with the enforcement of the act" that is "fairly direct;

22   a generalized duty to enforce state law or general supervisory power over the

23   persons responsible for enforcing the challenged provision will not subject an

24   official to suit.'"  *Id.* (citations omitted).  Governor Brown is entitled to Eleventh

25   Amendment immunity because his only connection to SB 277 is his general duty

26

27          [5]  The SAC also appears to add a 13th Amendment claim against the State
28   Defendants, but, like its predecessor, it does not allege any facts plausibly
     suggesting a 13th Amendment violation on the part of any Defendant.

8

1  to enforce California law.  Defendant Gust, as First Lady, is not alleged to have

2  any connection to the enforcement of SB 277.[6]

3  　　　It is recommended that Plaintiffs' official capacity claims be dismissed with

4  prejudice.

5  　　　　　　　　　　**3.  Government Counsel Immunity**

6  　　　The SAC adds claims against counsel for the State and Legislative

7  Defendants.  Defendant Cara Jenkins is Deputy Legislative Counsel for California

8  and Defendants Jonathan Rich and Jacquelyn Young are Deputy Attorneys

9  General for California.  State government attorneys are absolutely immune from

10  suit in an official capacity.  *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir.

11  2001) (citing *Pena v. Gardner*, 976 F.2d 468, 473 (9th Cir. 1992)).  They are also

12  immune from suit in an individual capacity for conduct during performance of

13  official duties.  *Id.* (citing *Fry v. Melaragno*, 939 F.2d 832, 836-37 (9th Cir. 1991)).

14  　　　The conduct alleged by Jenkins, Rich, and Young stems entirely from their

15  actions in defending the present suit.  (*See* SAC ¶¶ 98, 111-112, 114 (referencing

16  actions at December 13, 2016 hearing in the present matter).)  Plaintiffs thus

17  cannot state viable claims against them under any of the asserted legal theories.

18  　　　It is recommended that the claims against the Attorney Defendants be

19  dismissed with prejudice.

20  　　　　　　　　**C.  Leave to Amend Would Be Futile**

21  　　　The SAC again seeks an injunction prohibiting enforcement of SB 277

22  against Plaintiffs or their offspring.  (SAC at 68.)  This relief is not available

23  against the named defendants for the reasons discussed above.

24  　　　Leave to amend is not required when amendment would be futile.  *Lopez*,

25  203 F.3d at 1129.  The court's discretion to deny leave to amend "is particularly

26  　　　　　　　─────────────────

27  　　　[6] To the extent Gust is not shielded by Eleventh Amendment immunity, her
alleged acts in support of SB 277 would be shielded by the *Noerr* doctrine and

28  the First Amendment.  *See Manistee Town Ctr. v. City of Glendale*, 227 F.3d
1090, 1093 (9th Cir. 2000) (lobbying of government protected by *Noerr* doctrine).

1   broad where plaintiff has previously amended the complaint." *Ascon Props, Inc.*
2   *v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989).

3        It is recommended that leave to amend be denied because Plaintiffs cannot
4   cure the defects in their pleading for the reasons described in the previous Report
5   and Recommendation.

6        **1.  Civil Rights Claims**

7        The SAC brings claims under 42 U.S.C. §§ 1983 and 1986[7] against the
8   Attorney Defendants.[8]  (SAC ¶¶ 156-77.)  The factual allegations adduced to
9   support those claims, however, appear to have been copied verbatim from the
10  corresponding claims in the FAC.  (*Compare id. with* FAC ¶¶ 171-93.)

11       As the court previously explained to Plaintiffs, SB 277 withstands
12  constitutional challenge.  *See Whitlow v. State of California*, 203 F. Supp. 3d
13  1079 (S.D. Cal. 2016) (denying motion for preliminary injunction against SB 277
14  and finding no likelihood of success on the merits).[9]  In *Jacobson v.*
15  *Commonwealth of Massachusetts*, 197 U.S. 11 (1905), Jacobson argued that "a
16  compulsory vaccination law is unreasonable, arbitrary and oppressive, and,
17  therefore, hostile to the inherent right of every freeman to care for his own body
18  and health in such way as to him seems best; and that the execution of such a
19  law against one who objects to vaccination, no matter for what reason, if nothing
20  short of an assault upon his person."  *Id.* at 26.  The Supreme Court rejected the
21  argument that Jacobson could claim exemption based on his beliefs about the
22  dangers of vaccination.  *Id.* at 37, 39.

23  _____

24       [7]  Plaintiffs have not alleged a violation of § 1985 and thus cannot state a
     claim under § 1986.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621,
25   626 (9th Cir. 1988).

26       [8]  To the extent Plaintiffs intended to state the same claims against the
     State Defendants, the claims fail for the same reasons.

27       [9]  As this court previously noted, the defendants in the *Whitlow* case
28  included the Superintendent of the Department of Education and the director of
     the Department of Public Health in their official capacity.  (Dkt. No. 123 at 10 n.8.)

Mandatory vaccination laws are within the scope of a state's police power. *See Zucht v. King*, 260 U.S. 174, 175-76 (1922) (addressing mandatory vaccination law preventing children from attending school without certification of vaccination); *Abeel v. Clark*, 84 Cal. 226 (1890); *French v. Davidson*, 143 Cal. 658, 661-62 (1904) (affirming denial of writ of mandate to compel enrollment of children without vaccinations).  They do not in and of themselves implicate the Free Exercise Clause.  *See Prince v. Massachusetts*, 321 U.S. 158, 166-67 (1944); *Phillips v. City of New York*, 775 F.3d 538, 542-43 (2d Cir.) (per curiam), *cert. denied*, 136 S. Ct. 104 (2015) (rejecting challenges based on due process, free exercise of religion and equal protection; "Plaintiffs argue that a growing body of scientific evidence demonstrates that vaccines cause more harm to society than good, but as *Jacobson* made clear, that is a determination for the legislature, not the individual objectors"); *Whitlow*, 203 F. Supp. 3d at 1087-88 (rejecting due process and equal protection challenges to SB 277; finding rational basis for treating children with personal belief exemptions differently from vaccinated children).  Plaintiff's privacy argument does not state a claim.  *See Bd. of Ed. v. Earls*, 536 U.S. 822, 830-31 (2002) (upholding school drug testing policy requiring students who participate in competitive extracurricular activities to submit to drug testing).

To the extent Plaintiffs rely on the California Constitution as a basis for relief under § 1983, Plaintiffs cannot state a claim.  A plaintiff must allege a violation of "a right secured by the Constitution or laws of the United States." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Plaintiffs cannot state a claim under the Ninth Amendment.  *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991).  They have not alleged any facts plausibly suggesting a claim to relief under the Thirteenth Amendment.

The SAC's caption lists a claim under *Bivens v. Six Named Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  This claim is not included in

11

1  Plaintiffs' enumerated causes of action in the body of the SAC. *Bivens*
2  recognized an implied cause of action for damages under certain circumstances
3  against federal actors. *Id.* at 397. Plaintiffs cannot state a *Bivens* claim because
4  the State, Legislative and Attorney Defendants are alleged to be state actors, not
5  federal actors.

### 2. Criminal Statutes

7  The SAC asserts violations of various criminal statutes against all
8  Defendants: 18 U.S.C. §§ 175, 178, 241, 242, and the Hobbs Act, 18 U.S.C. §
9  1951. Private individuals may not prosecute others for alleged crimes.

10  The Supreme Court has not inferred a private right of action from the
11  existence of a criminal statute. *Central Bank of Denver v. First Interstate Bank of*
12  *Denver*, 511 U.S. 164, 190 (1994) ("we have not suggested that a private right of
13  action exists for all injuries caused by violations of criminal prohibitions").

14  When, as here, the criminal statutes do not expressly provide for a private
15  right of action, the court examines four factors: (1) whether the plaintiff is one of
16  the class for whose especial benefit the statute was enacted; (2) whether
17  Congress explicitly or implicitly indicated an intent to create a private remedy; (3)
18  whether an implied private right of action would be consistent with the statute's
19  underlying purposes; and (4) whether an implied cause of action would be in an
20  area traditionally relegated to state law. *Cort v. Ash*, 422 U.S. 66, 78 (1975).

21  The "central inquiry remains whether Congress intended to create, either
22  expressly or by implication, a private cause of action." *Touche Ross v.*
23  *Redington*, 442 U.S. 560, 575 (1979). If Congress did not intend to create a
24  private right of action, a court need not consider the other factors. *Logan v. U.S.*
25  *Bank NA*, 722 F.3d 1163, 1170-71 (9th Cir. 2013). Plaintiffs have not argued any
26  basis for finding a private right of action under these criminal statutes. *Aldabe v.*
27  *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam) (no private right of
28  action under §§ 241-42). Courts have repeatedly held there is no private right of

1  action under the Hobbs Act.  *Addison v. Cal. Inst. for Men*, No. EDCV 15–1259

2  JVS (AJW), 2016 WL 873276, at *9 (C.D. Cal. Nov. 1, 2016) (rejecting private

3  right of action and § 1983 claim arising from alleged Hobbs Act violation),

4  *accepted by* 2016 WL 8738151 (C.D. Cal. Dec. 16, 2016); *Rhodes v. Gordon*, No.

5  CV 12–2863–JGB (DTB), 2013 WL 3780378, at *16 (C.D. Cal. July 16, 2013)

6  (plaintiff could not raise a § 1983 claim based on Hobbs Act because it did not

7  provide a private right of action), *accepted by* 2013 WL 12072123 (C.D. Cal.

8  Sept. 26, 2013), *aff'd*, 616 F. App'x 358 (9th Cir. 2015).

9  **3. Civil RICO**

10  Plaintiffs allege RICO claims under 18 U.S.C. § 1961 and § 1962(a), (d)

11  based on enactment of SB 277 against all Defendants.  (SAC ¶¶ 104-22.)  As

12  explained above, Plaintiffs' claims are barred by immunity.

13  Moreover, Plaintiffs have not alleged any basis for a challenge to SB 277

14  under RICO.  Section 1961 contains only the definitions.  Plaintiffs were

15  previously warned that to state a viable RICO claim, they must allege injury to

16  their business or property by reason of a violation of § 1962.  *Sedima, S.P.R.L. v.*

17  *Imrex Co.*, 473 U.S. 479, 495-97 (1985).  The SAC does not contain allegations

18  of injury to Plaintiffs' business or property.

19  Section 1962(a) provides that it is unlawful "for any person who has

20  received any income derived, directly or indirectly, from a pattern of racketeering

21  activity . . . to use or invest . . . any part of such income . . . in . . . operation of . . .

22  any enterprise."  The SAC contains no such allegations.  Moreover, under §

23  1962(a), Plaintiffs must "allege facts tending to show that he or she was injured

24  by the use or investment of racketeering income."  *Nugget Hydroelectric, L.P. v.*

25  *Pacific Gas & Elec. Co.*, 981 F.2d 429, 437 (9th Cir. 1992).  Injury from alleged

26  racketeering acts that generated the income is not sufficient.  *Id.*

27

28

13

1    Absent allegations of a viable RICO violation, Plaintiffs' allegations of a

2  conspiracy to violate RICO under § 1962(d) also fail to state a claim.  *Sanford v.*

3  *MemberWorks*, 625 F.3d 550, 559 (9th Cir. 2010).

4                                          **IV.**

5                              **RECOMMENDATION**

6          For the reasons discussed above, it is recommended that the district court

7  issue an order (1) accepting this Report's findings and recommendation; (2)

8  granting Defendants' motions to dismiss the Second Amended Complaint; and (3)

9  dismissing the Second Amended Complaint with prejudice.

10

11

12  DATED: December 18, 2017

13                                          _____
                                            ALICIA G. ROSENBERG
                                            United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28